NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL A. CURRIE, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2585

---

Petition for review of the Merit Systems Protection Board in No. PH-315I-16-0106-I-1.

---

Decided: February 8, 2017

---

MICHAEL A. CURRIE, JR., District Heights, MD, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Michael A. Currie, Jr. ("Currie") seeks review of the final order of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *See Currie v. Dep't of the Army*, No. PH-315I-16-0106-I-1 (M.S.P.B. July 1, 2016) ("*Final Order*"). Because the Board correctly concluded that it lacked jurisdiction over Currie's appeal, we *affirm*.

BACKGROUND

On March 29, 2010, Currie was appointed to the position of Medical Technician, GS-07, in the Department of the Army ("the agency"). Resp't's App. ("R.A.") 25. In December 2014, the agency promoted him to the position of Supervisory Medical Technician, GS-09, subject to a one-year probationary period that began on December 15, 2014. R.A. 28. On November 10, 2015, the agency demoted Currie to the position that he had held prior to his promotion—Lead Medical Technician, GS-07, Step 5—due to his failure to satisfactorily complete the probationary period. R.A. 29, 39–41; *see also Final Order*, at 3 & n.2. Currie appealed his demotion to the Board.

The administrative judge ("AJ") issued an order requesting Currie to show that the Board had jurisdiction over his appeal, particularly in view of 5 C.F.R. § 315.908 (2015). R.A. 43. Currie responded that the Board had jurisdiction because he satisfied the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). R.A. 23–24 (citing *McCormick v. Dep't of the Air Force*, 307 F.3d 1339 (Fed. Cir. 2002), among other decisions).

The AJ then issued an initial decision dismissing the appeal for lack of jurisdiction. *Currie v. Dep't of the Army*, No. PH-315I-16-0106-I-1, 2016 WL 304951 (M.S.P.B. Jan. 21, 2016). The AJ found that 5 C.F.R. § 315.908(a) bars Currie from appealing his demotion to the Board because he was demoted pursuant to 5 U.S.C. § 3321 and 5 C.F.R. § 315.907(a), and he did not allege that § 315.908(b) applied to his appeal. R.A. 8–10. The AJ also explained

that the cases cited by Currie were inapposite because they dealt with *removal* from federal employment, not *demotion* from a *supervisory* position to a previously-held nonsupervisory position during a probationary period. R.A. 9.

Currie petitioned for review by the full Board. R.A. 63. The Board denied his petition and adopted the AJ's initial decision as its final decision. *Final Order*, at 2. The Board agreed with the AJ that Currie did not have the right to appeal his demotion to the Board. *Id.* at 3–4. The Board declined to consider Currie's remaining arguments challenging the merits of his demotion because they were not relevant to the jurisdictional issue. *Id.* at 4.

Currie timely appealed from the *Final Order* to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction *de novo* as a question of law, and review any underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

Currie argues that the Board had jurisdiction over his appeal pursuant to our decision in *McCormick* because he satisfied the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). He challenges the merits of his demotion and argues that the Board erred in failing to consider his allegations "that the removal documentation has false information." Pet'r's Informal Br. 6. The government responds that the Board properly considered all relevant

facts and correctly concluded that it lacked jurisdiction over Currie's appeal.

We agree with the government that the Board lacked jurisdiction over Currie's appeal. The Board's jurisdiction is "limited to actions made appealable to it by law, rule, or regulation." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (citing 5 U.S.C. § 7701(a)). As the appellant before the Board, Currie bore the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). But he has failed to satisfy that burden.

Under 5 U.S.C. § 3321(a)(2), an agency may set a period of probation for a newly appointed supervisor before that initial appointment as a supervisor becomes final. For an individual who has been transferred, assigned, or promoted from another federal position to a supervisory position, and who has not satisfactorily completed the probationary period, the agency may return the individual to a position of no lower grade and pay than the position from which the individual was transferred, assigned, or promoted. 5 U.S.C. § 3321(b); 5 C.F.R. § 315.907(a). The regulations further provide that an employee who is subject to such a demotion may not appeal that demotion to the Board, 5 C.F.R. § 315.908(a) (2015) ("An employee who, in accordance with the provisions of this subpart, is assigned to a nonmanagerial or nonsupervisory position, has *no appeal right*." (emphasis added)), unless the employee alleges that the demotion was based on partisan political affiliation or marital status, *id.* § 315.908(b).

As the record shows, and the Board correctly found, Currie was promoted from a nonsupervisory position to a supervisory position, subject to a one-year probationary period, which began on December 15, 2014. On November 10, 2015, due to his failure to satisfactorily complete the probationary period, he was demoted to the nonsupervisory position that he had held prior to his promotion, at the

same grade and step level. Thus, Currie was demoted pursuant to 5 U.S.C. § 3321 and 5 C.F.R. § 315.907(a). Furthermore, it is undisputed that Currie did not allege to the Board that his demotion was based on partisan political affiliation or marital status, and thus 5 C.F.R. § 315.908(b) does not apply to his appeal. Accordingly, the Board correctly concluded that § 315.908(a) precludes Currie from appealing his demotion to the Board.

We are unpersuaded by Currie's argument that the Board had jurisdiction over his appeal simply because he satisfied the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). As indicated *supra*, Currie was demoted under § 3321(a)(2) and (b) during a period of probation before his initial appointment as a supervisor became final. Such demotions are specifically excluded from the list of actions that an employee may appeal. 5 U.S.C. § 7512(C). Consequently, even if Currie satisfied the definition of "employee" under § 7511(a)(1)(A)(ii), the Board still lacks jurisdiction over his appeal because § 7512(C) precludes him from appealing his demotion.

Moreover, we agree with the Board that our decision in *McCormick* does not compel a different outcome. In *McCormick*, the employee appealed her *removal* from federal employment, not a demotion under § 3321(a)(2) and (b) as in Currie's appeal. 307 F.3d at 1340–41 ("*Removal* from employment is an appealable action where the individual qualifies as an 'employee' at the time of her removal by the agency." (emphasis added)). Here, as we have explained, § 7512(C) precludes Currie from appealing his demotion under § 3321(a)(2) and (b).

Lastly, we find that the Board properly declined to consider Currie's arguments that the agency's reasons for demoting him were false or unjustified. Those arguments challenge the merits of the agency's demotion, which is beyond the jurisdiction of the Board. We likewise decline

to consider those arguments in the first instance on appeal.

Accordingly, we conclude that the Board correctly determined that it lacked jurisdiction over Currie's appeal.

## CONCLUSION

We have considered Currie's remaining arguments, but find them to be unpersuasive. For the foregoing reasons, we affirm the Board's decision dismissing Currie's appeal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.