NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROGER L. HAYNES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1262

---

Petition for review of the Merit Systems Protection Board in No. DE-3443-22-0009-I-1.

---

Decided:  July 11, 2022

---

ROGER HAYNES, III, Topeka, KS, pro se.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before NEWMAN, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

In 2021, Roger L. Haynes appealed to the Merit Systems Protection Board (Board) alleging error by the Railroad Retirement Board (RRB). The Board dismissed the appeal for lack of jurisdiction. Specifically, it found that Mr. Haynes filed a similar appeal in 2014, which the Board dismissed for lack of jurisdiction, and that he was therefore collaterally estopped from relitigating jurisdiction. *Haynes v. R.R. Ret. Bd.*, No. DE-3443-22-0009-I-1, 2021 WL 5080582 (M.S.P.B. Oct. 28, 2021) (*2021 Board Decision*) (Appx. 1–12).[1] Based on the minimal details provided about the nature of the present appeal, we disagree that collateral estoppel applies here. We nonetheless *affirm* because Mr. Haynes did not show by a preponderance of the evidence that the Board had jurisdiction over his appeal.

## BACKGROUND

Mr. Haynes worked as a railroad employee for about fifteen years, though never as a federal employee. *2021 Board Decision* at 2. The RRB[2] found that Mr. Haynes was totally and permanently disabled and awarded him a disability annuity. *Id.* Mr. Haynes later requested an increase in the amount of that award. *Id.* The RRB denied the request as untimely. *Id.*

---

[1] "Appx." citations are to the appendix filed concurrently with the Board's responsive brief. Additionally, because the reported versions of the Board's decision are not paginated, citations are to the version of the decision included in the appendix. E.g., *2021 Board Decision* at 1 can be found at Appx. 1.

[2] The RRB is a federal agency that administers the system of disability, retirement, and survivor benefits for railroad workers established by the Railroad Retirement Act of 1974. *See Salinas v. U.S. R.R. Ret. Bd.*, 141 S. Ct. 691, 694 (2021).

In 2014, Mr. Haynes appealed the RRB's denial to the Board. *Id.* In an initial decision, the administrative judge assigned to the case concluded that the Board lacked jurisdiction over the appeal. *Haynes v. R.R. Ret. Bd.*, No. DE-3443-14-0186-I-1, 2014 WL 930417 (M.S.P.B. Mar. 7, 2014). Mr. Haynes petitioned for review by the full Board, which affirmed the initial decision, concluding that Mr. Haynes "failed to offer any law, rule, or regulation that provides for Board jurisdiction over appeals from the agency's decisions regarding [Railroad Retirement Act] retirement benefits for private rail industry employees." *Haynes v. R.R. Ret. Bd.*, No. DE-3443-14-0186-I-1, 2014 WL 5422569, at \*2 (M.S.P.B. Oct. 8, 2014) (*2014 Board Decision*). Mr. Haynes did not appeal the 2014 Board decision.

In 2021, Mr. Haynes filed another appeal to the Board—the one at issue here. Appx. 20–26. Mr. Haynes again alleged error by the RRB, indicating he was appealing a "[f]ailure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement." Appx. 22. He did not identify the date of the decision on appeal, instead stating that his "paperwork was seized by [a] storage facility." *Id.* In his description of agency error, he wrote that the RRB was "wrong to close" the case because he "sent additional evidence pertaining to [his Federal Employers' Liability Act] case against [Union Pacific] Railroad" and cited multiple alleged improper acts by "the railroad." Appx. 22. He mentioned "disability annuity" only once, in response to a question asking him to identify the "retirement system" in which he was enrolled. Appx. 24.

The administrative judge issued an order "to show cause why this appeal should not be dismissed for lack of jurisdiction." Appx. 16–18. Citing the 2014 appeal, the administrative judge stated that "the instant petition for appeal . . . appears to raise the same issues as in [the] prior appeal" and that "it appears the jurisdictional defect that resulted in the dismissal of the prior petition still remains." Appx. 16. The administrative judge also ordered Mr.

Haynes "to show cause why he is not collaterally estopped from relitigating his jurisdictional claims." Appx. 18.

Mr. Haynes did not respond and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *2021 Board Decision* at 1, 4. After reciting the relevant history and Board precedent on collateral estoppel, the administrative judge concluded that "each element of collateral estoppel has been established." *Id.* at 4. In particular, the administrative judge relied on a precedential Board opinion finding that an appellant "may be collaterally estopped from establishing jurisdiction in a second appeal based on the same underlying cause of action." *Id.* at 3 (citing *Penna v. U.S. Postal Serv.*, 118 M.S.P.R. 355 ¶ 12 (2012)); *see also id.* at 4 ("While a dismissal for lack of jurisdiction does not necessarily preclude a second action on the same claim, the second claim will only be viable if the prior jurisdictional defect is cured[.]"). Mr. Haynes did not petition for review, and the initial decision became the final decision of the Board. *Id.* at 4; Board Informal Br. 5.

Mr. Haynes appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

When reviewing Board decisions, we set aside agency "action, findings, or conclusions" that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's subject matter jurisdiction is a question of law we review de novo. *Vesser v. Off. of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994); *Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1398 (Fed. Cir. 1994). The subject matter jurisdiction of the MSPB is "limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir.

1998) (quoting 5 U.S.C. § 7701(a)).  We review any findings of fact underlying the Board's jurisdictional decision for substantial evidence.  *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011).

**I**

We first address the Board's conclusion that Mr. Haynes was collaterally estopped from relitigating jurisdiction.  Given the record before us, because we cannot say that Mr. Haynes's 2014 and 2021 appeals involve the same underlying cause of action, we conclude that the Board erred in resting its decision on collateral estoppel.

Like other judicial and administrative tribunals, the Board applies the doctrine of collateral estoppel to prevent a party from relitigating an issue where: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action."  *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005).  Under Board precedent, collateral estoppel can apply to questions of jurisdiction "in a second appeal based on the same underlying cause of action" when the jurisdictional defect in the first appeal has not been cured.  *2021 Board Decision* at 3 (citing *Penna*, 118 M.S.P.R. at ¶ 12); *id.* at 4 (citing *McNeil v. Dep't of Def.*, 100 M.S.P.R. 146 ¶ 15 (2005)).

In this case, there is insufficient information about the claim in the 2021 appeal to conclude that the two appeals involve the same underlying cause of action.  The 2014 appeal related to the RRB's denial of an untimely request to reconsider a disability annuity award amount.  *2014 Board Decision* at \*1.  The 2021 appeal does not mention that denial and instead describes an alleged failure to consider certain information regarding wrongdoing by Union Pacific Railroad.  Appx. 22.

The administrative judge's order to show cause stated without elaboration that the 2021 appeal "appear[ed] to raise the same issues as" the 2014 appeal. Appx. 16. The initial decision, which became the Board's final decision, did not provide further analysis. The background section merely noted that Mr. Haynes's 2014 appeal argued "that his disability retirement annuity should be reconsidered" and that the 2021 appeal challenged "the agency's 'Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement' and 'Other action—Aprentise [*sic*] lawyer at laws.'" *2021 Board Decision* at 2–3. Absent any evidence or explanation supporting the conclusion that Mr. Haynes's 2021 appeal involves the same underlying cause of action as his 2014 appeal, we cannot uphold the Board's collateral estoppel reasoning.

II

Although the Board incorrectly applied collateral estoppel, it correctly dismissed the appeal because Mr. Haynes did not establish jurisdiction over the present appeal.

The Board's jurisdiction is not "plenary"; "rather, an employee may submit an appeal to the Merit Systems Protection Board challenging only agency actions that are appealable to the Board under any law, rule, or regulation." *Moulton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 869 (Fed. Cir. 2021) (citing 5 U.S.C. § 7701) (cleaned up). It is the appellant's burden to establish the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

Mr. Haynes did not meet this burden. In his 2021 appeal, he did not identify a specific agency action that he sought to correct; nor did he cite any "law, rule, or regulation" that would give the Board jurisdiction over an appeal of an RRB decision regarding the retirement annuity of a private employee. Instead, he merely asserted that the RRB—in an unspecified action—had wrongly "close[d] the

information." Appx. 22. Moreover, notwithstanding his unsupported assertion in this court that he is "a federal agent for the U.S. Railroad Retirement Board," Haynes Informal Br. 3, the Board found that he was never employed by the federal government, *2021 Board Decision* at 2. That alone indicates lack of jurisdiction because the Board's jurisdiction is generally limited to issues arising from federal employment. *See* 5 C.F.R. § 1201.3.

We therefore agree with the administrative judge's statement that, ultimately, "the same jurisdictional defect that resulted in the dismissal of the prior appeal still remains" and affirm on that ground. Appx. 16.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Merit Systems Protection Board dismissing Mr. Haynes's appeal for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.