NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WILLIAM TYRONE CUNNINGHAM,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-2088

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-17-0167-I-1.

---

Decided:  January 13, 2023

---

WILLIAM TYRONE CUNNINGHAM, Washington, DC, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, TARANTO, and STOLL, *Circuit Judges*.

PER CURIAM.

William Cunningham, after applying for a particular position at the Department of Labor's Bureau of Labor Statistics, received a letter from the Bureau dated November 19, 2015, "confirm[ing] [his] appointment" to the position but noting that his appointment was "contingent upon . . . receipt of all documents required for appointment." Appx. 21. A Standard Form 50 (SF 50) notice of personnel action, executed on December 13, 2015, stated that the appointment was "subject to [the] completion of [a] one year initial probationary period beginning" that day. SAppx. 34 (box 45). Within that probationary period, the Bureau terminated Mr. Cunningham's employment. Mr. Cunningham appealed his termination to the Merit Systems Protection Board, which dismissed the appeal for lack of jurisdiction, and then petitioned this court for review. We affirm.

I

Mr. Cunningham, a veteran who was employed at the U.S. Postal Service from 1993 to 2000, SAppx. 4, 27, 34, applied to be an information technology specialist in the Bureau, Appx. 37. On November 19, 2015, the acting chief of the Bureau's Branch of Workforce Staffing and Recruitment wrote Mr. Cunningham a letter "confirm[ing] [his] appointment" as an information technology specialist. Appx. 21. The letter stated that the appointment was "contingent upon . . . receipt of all documents required for appointment." Appx. 21.

An SF 50 for the appointment was executed on December 13, 2015. SAppx. 34.[1] The SF 50 stated that the appointment was "subject to [the] completion of [a] one year

---

[1]    A second SF 50 was executed on December 18, 2015, Reply Br. Appx. 7, to make the pay increases required by the generally applicable Executive Order 13715, issued the same day. 80 Fed. Reg. 80,195 (Dec. 18, 2015).

initial probationary period beginning" that day. SAppx. 34 (box 45). There has been no showing that Mr. Cunningham started working in the job by carrying out the duties of the position before December 13, 2015.

On December 1, 2016, the Bureau terminated Mr. Cunningham's employment effective December 9, 2016, within the one-year probationary period. SAppx. 35. The notice of termination stated that Mr. Cunningham's supervisor "determined that [Mr. Cunningham] failed to demonstrate [his] fitness for continued employment" as a result of "[his] conduct during [his] probationary period." *Id.* According to Mr. Cunningham, he was told that he was terminated "because of conduct issues relating to the reporting of [his] time." SAppx. 32. Mr. Cunningham appealed his termination to the Board on December 6, 2016, SAppx. 23, within the 30 days allowed by 5 C.F.R. § 1201.22(b)(1). On the appeal form, Mr. Cunningham checked a box answering "yes" to a question asking whether he was "serving a probationary . . . period at the time of" his termination. SAppx. 27 (box 11).

The administrative judge assigned to the matter dismissed Mr. Cunningham's appeal for lack of jurisdiction in an initial decision on March 31, 2017, concluding that Mr. Cunningham was not an "employee" with appeal rights to the Board under 5 U.S.C. §§ 7511(a)(1)(A) and 7513(d) and that he failed to make allegations that would bring him within the narrow scope of Board jurisdiction (under 5 C.F.R. § 315.806) to hear a probationary employee's appeal of a termination. *Cunningham v. Department of Labor*, No. DC-315H-17-0167-I-1, 2017 WL 1209598 (M.S.P.B. Mar. 31, 2017); Appx. 1–5. Mr. Cunningham timely petitioned the Board to review the initial decision on April 25, 2017, SAppx. 26, and the Board (after acquiring a quorum needed to act) denied the petition on July 27, 2022. *Cunningham v. Department of Labor*, No. DC-315H-17-0167-I-1, 2022 WL 2976331 ¶ 1 (M.S.P.B. July 27, 2022); Appx. 11–12.

The denial made the initial decision the Board's final decision on the same day.  5 C.F.R. § 1201.113(b).

Mr. Cunningham timely petitioned this court for review on August 1, 2022, Dkt. 1, within the 60 days allowed by 5 U.S.C. § 7703(b)(1)(A).  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

We decide de novo whether the Board properly dismissed Mr. Cunningham's appeal for lack of jurisdiction. *See Mouton-Miller v. MSPB*, 985 F.3d 864, 868–69 (Fed. Cir. 2021).  "The Board does not have plenary appellate jurisdiction over personnel actions." *Id.* at 869  Rather, for the Board to have jurisdiction, the underlying personnel action must be "appealable to the Board under [a] law, rule, or regulation."  5 U.S.C. § 7701(a).  Mr. Cunningham, as the plaintiff, bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence.  *Mouton-Miller*, 985 F.3d at 869.

Of relevance here, 5 U.S.C. § 7513(d) permits an "employee" against whom a qualifying personnel action—including termination, *see id.* § 7512(1)—is taken to appeal that action to the Board.  In this context, an "'employee' means an individual in the competitive service who is not serving a probationary or trial period under an initial appointment" or "who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." *Id.* § 7511(a)(1)(A) (indentation and punctuation altered).  Probationary employees have only the more limited appeal rights conferred by 5 C.F.R. § 315.806. *See Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155 (Fed. Cir. 1983) ("The only cognizable right of appeal by a probationary employee to the [Board] is . . . 5 C.F.R. § 315.806.").  That section permits a probationary employee to appeal a termination to the Board if the probationary employee alleges that the termination "was based on partisan political reasons or marital

status" or "was not effected in accordance with the procedural requirements of [5 C.F.R. § 315.805]."   5 C.F.R. § 315.806.

We conclude that, because Mr. Cunningham was a probationary employee at the time of his termination—and not an employee under 5 U.S.C. § 7511(a)(1)(A)—he could not appeal his termination to the Board under 5 U.S.C. § 7513(d).  We also conclude that, because Mr. Cunningham did not allege discrimination based on partisan affiliation or marital status, or that his termination was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805, he could not appeal his termination to the Board under 5 C.F.R. § 315.806.  We therefore hold that the Board lacked jurisdiction and correctly dismissed Mr. Cunningham's appeal.

## A

Mr. Cunningham was not an employee under 5 U.S.C. § 7511(a)(1)(A) because, at the time of his termination, he was "serving a probationary . . . period under an initial appointment." § 7511(a)(1)(A)(i).  The information technology specialist position at issue—a competitive service position, SAppx. 34 (box 34); Reply Br. Appx. 7 (box 34)—required the successful applicant to undergo a one-year probationary period, 5 C.F.R. § 315.801(a)(1) (stating that the first year of service is probationary for successful applicants to competitive service positions).  Mr. Cunningham does not dispute that the position required a one-year probationary period.  *See* SAppx. 27 (box 7 of Mr. Cunningham's appeal form showing a checkmark next to "competitive" under the heading "type of appointment").[2]  Rather, Mr. Cunningham

---

2    Before the Board, Mr. Cunningham argued that the position did not require a one-year probationary period because the Bureau did not notify him that the position required such a period.  *Cunningham*, 2017 WL 1209598;

argues that he was "effectively" appointed to the position on November 20, 2015, Mr. Cunningham's Opening Br. at 4, the day after the November 19, 2015 letter. Thus, Mr. Cunningham continues, he was an employee under § 7511(a)(1)(A) on the date of his termination because he had completed his one-year probationary period by then, indeed before the Bureau issued the notice of termination on December 1, 2016 (effective December 9, 2016). Mr. Cunningham's Opening Br. at 12.

Mr. Cunningham is incorrect. "[A]ppointment is a single, discrete act," *Skalafuris v. United States*, 683 F.2d 383, 386 (Ct. Cl. 1982), that occurs "when the last act, required from the person possessing the power [of appointment], has been performed," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 157 (1803). Normally, the last act is the execution of an SF 50 or the administration of the oath of office. *See Skalafuris*, 683 F.2d at 387 ("We have in past cases emphasized the importance of the SF-52, SF-50, and oath of office in determining the date or existence of an appointment . . . ."); *Vukonich v. Civil Service Commission*, 589 F.2d 494, 496 (10th Cir. 1978) ("[A]n appointment becomes effective only after a Standard Form 50, 'Notice of Personnel Action,' has been completed."); *Costner v. United States*, 665 F.2d 1016, 1023 (Ct. Cl. 1981) ("[T]he lack of any evidence that

Appx. 3. To the extent that Mr. Cunningham raises this argument before us, it is incorrect. The Bureau's job posting stated that the position "[r]equires a probationary period," Reply Br. Appx. 14, and Mr. Cunningham's SF 50 stated that the position was "subject to [the] completion of [a] one year initial probationary period," SAppx. 34 (box 45). Mr. Cunningham also has not shown why lack of notice would entitle him to have his position treated as not having a probationary one-year period when, aside from any notice issue, it did have such a period.

[appellant] took an oath of office . . . rebut[s] his claim [of appointment].").

Here, Mr. Cunningham's SF 50 was completed by the Bureau's director of human resources on December 13, 2015. SAppx. 34 (box 49). Mr. Cunningham was therefore appointed to the position no earlier than December 13, 2015. *See Skalafuris*, 683 F.2d at 387; *Vukonich*, 589 F.2d at 496. To the extent that the author of the November 19, 2015 letter had the power of appointment, that letter itself makes clear that Mr. Cunningham's appointment was "contingent upon . . . receipt of all documents required for appointment," Appx. 21, including the SF 50, *Vukonich*, 589 F.2d at 496. And there is no basis for viewing the November 19, 2015 letter "as the 'last act' [of appointment] defined in" *Marbury. Skalafuris*, 683 F.2d at 388 (quoting *Marbury*, 5 U.S. (1 Cranch) at 156). Further, Mr. Cunningham has not alleged, much less shown, that he carried out any duties of the information-technology-specialist position before December 13, 2015; accordingly, we have no occasion to consider the scope of our precedent indicating that a successful applicant's work carrying out duties of a position before the completion of the last act of appointment generally does not entitle the applicant to an appointment date earlier than the date of the last act of appointment. *See id.* at 385, 388–89 (holding that the plaintiff was appointed on March 5, 1974—the date on which the standard form 50 was executed—even though the plaintiff "was actively engaged in his new duties throughout February [1974]"). Thus, Mr. Cunningham was not appointed before December 13, 2015, so he was still in his one-year probationary period when his employment was terminated.

Mr. Cunningham next argues that his employment at the U.S. Postal Service from 1993 to 2000 should count toward (and satisfy) his one-year probationary period at the Bureau. Mr. Cunningham's Opening Br. at 13. But for "[p]rior [f]ederal civilian service" to "count[] toward

completion of probation," the prior service must be "in the same agency"; "in the same line of work (determined by the employee's actual duties and responsibilities)"; and "[c]ontain[] or [be] followed by no more than a single break in service that does not exceed 30 calendar days." 5 C.F.R. § 315.802(b). Here, Mr. Cunningham has not established that his work for the Postal Service was work in the "same agency" as the Bureau (or Department of Labor), *see Pervez v. Department of the Navy*, 193 F.3d 1371, 1373 (Fed. Cir. 1999) (holding that the Army and the Navy are not the "same agency" for purposes of section 315.802(b)), or that his duties at the Postal Service were "in the same line of work" as his duties at the Bureau.

For these reasons, when terminated, Mr. Cunningham was a probationary employee, not an employee under 5 U.S.C. § 7511(a)(1)(A), and therefore could not appeal his termination to the Board under 5 U.S.C. § 7513(d).

B

As a probationary employee, Mr. Cunningham had only the more limited appeal rights conferred by 5 C.F.R. § 315.806. *See Mastriano*, 714 F.2d at 1155. To come within that section, Mr. Cunningham had to adequately allege that his termination "was based on partisan political reasons or marital status" or "was not effected in accordance with the procedural requirements of [5 C.F.R. § 315.805]." 5 C.F.R. § 315.806. We see no basis for jurisdiction on this ground.

On his appeal form to the Board, Mr. Cunningham alleged that he was terminated "because of conduct issues relating to the reporting of [his] time," SAppx. 32, not because of "partisan political reasons or marital status," § 315.806(b). Later, when he petitioned the full Board for review, he argued that his termination was because he was considering becoming a union member. *Cunningham*, 2022 WL 2976331 ¶¶ 4–5; Appx. 14. But the Board properly deemed the argument untimely. The Board also properly

concluded that, in any event, the allegations would not suffice to establish jurisdiction under section 315.806(b) because our court has held that termination "based on union affiliation" is not termination for a "partisan political reason[]." *Mastriano*, 714 F.2d at 1156; *Cunningham*, 2022 WL 2976331 ¶ 5; Appx. 14. Finally, Mr. Cunningham has not presented an adequate allegation that the Bureau effected his termination without observing the procedural requirements of section 315.805, which requires, among other things, that the Bureau provide advance written notice stating the reasons for a proposed termination, § 315.805(a), a notice that the Bureau provided, SAppx. 35.

Mr. Cunningham therefore did not allege the facts necessary to appeal his termination to the Board under 5 C.F.R. § 315.806. And because he could not have appealed his termination to the Board under 5 U.S.C. § 7513(d), as we have concluded, the Board lacked jurisdiction and correctly dismissed his appeal.

## III

Mr. Cunningham finally argues that the Board's administrative judge "was in cahoots with the conspiracy to keep [him] from being employed." Mr. Cunningham's Opening Br. at 8; *see also* Mr. Cunningham's Reply Br. at 9 ("[I am] absolutely flabbergasted by the continued efforts of the [Board] and the Department of Labor . . . to conspire against [me].").

"The requirements of due process, of course, apply to administrative proceedings." *Bieber v. Department of the Army*, 287 F.3d 1358, 1361 (Fed. Cir. 2002) (citing *Utica Packing Co. v. Block*, 781 F.2d 71, 77 (6th Cir. 1986)). And "due process demands impartiality on the part of those who function in judicial or quasi-judicial capacities." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). To overcome "the presumption that the hearing officers . . . are unbiased," *id.*, Mr. Cunningham must show that the administrative judge harbored "a deep-seated favoritism or antagonism

that would make fair judgment impossible," *Bieber*, 287 F.3d at 1362 (quoting and extending the standard announced in *Liteky v. United States*, 510 U.S. 540, 555 (1994), which involved a motion to recuse a district judge under 28 U.S.C. § 455, to bias claims under 5 U.S.C. § 556(b) and to due process claims); *see also Smolinski v. MSPB*, 23 F.4th 1345, 1353 (Fed. Cir. 2022) (applying the *Liteky* standard to a request that the case be assigned on remand to a different MSPB administrative judge).

Here, Mr. Cunningham alleges generally that the administrative judge was biased against him. Mr. Cunningham's Opening Br. at 8; Mr. Cunningham's Reply Br. at 9. But Mr. Cunningham does not allege specific facts or point to evidence that suggests bias from the administrative judge or from the Board. "Conclusory statements are of no effect. Nor are . . . unsupported beliefs and assumptions." *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985); *see also Ahuruonye v. Department of the Interior*, 690 F. App'x 670, 680 (Fed. Cir. 2017) ("To establish bias, an appellant must show more than mere disagreement with the judge's substantive rulings." (citing *Chianelli v. EPA*, 8 F. App'x 971, 979–81 (Fed. Cir. 2001))). Mr. Cunningham has therefore not established that the administrative judge harbored personal bias sufficient to meet the *Liteky* standard.

## IV

We have considered Mr. Cunningham's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal of Mr. Cunningham's appeal for lack of jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**