# United States Court of Appeals for the Federal Circuit

---

**DEBORAH N. MOUTON-MILLER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor*

---

2020-1266

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-19-0643-I-1.

---

Decided: January 19, 2021

---

DANIELLE B. OBIORAH, Obiorah Fields, LLC, Jonesboro, GA, for petitioner.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN L. LEAVITT.

SONIA W. MURPHY, Commercial Litigation Branch, Civil Division, United States Department of Justice,

Washington, DC, for intervenor.  Also represented by
JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD
KIRSCHMAN, JR.

_____

Before PROST, *Chief Judge*, TARANTO and CHEN, *Circuit
Judges*.

TARANTO, *Circuit Judge*.

Deborah Mouton-Miller was promoted from her supervisory position at the United States Postal Service to a different supervisory position at the Department of Homeland Security, subject to a one-year probationary period.  After less than a year, Homeland Security informed Ms. Mouton-Miller that her performance had been unsatisfactory and that she was being reassigned from a supervisory to a nonsupervisory role.  Ms. Mouton-Miller appealed that decision to the Merit Systems Protection Board, which dismissed Ms. Mouton-Miller's appeal, determining that it lacked jurisdiction to review the agency's action because the challenged agency action was excluded from the Board's jurisdiction by 5 U.S.C. § 7512(C).  *See Mouton-Miller v. Dep't of Homeland Security*, No. AT-0752-19-0643-I-1, 2019 WL 4419912 (M.S.P.B. Sept. 12, 2019).  We agree with the Board and therefore affirm.

I

Before April 2017, Ms. Mouton-Miller worked for the Postal Service as an Audit Manager.  J.A. 36.  Her position was classified as GG-0511-14, step 8, and she received a salary of $128,081.  J.A. 34.  On April 2, 2017, Homeland Security's Office of the Inspector General hired Ms. Mouton-Miller and promoted her to the position of Supervisory Auditor.  J.A. 34; J.A. 36.  Ms. Mouton-Miller's position with Homeland Security was classified as GS-0511-14, step 8, with an initial pay rate of $142,367.  J.A. 34.  There was no break between her service with the Postal Service and her service with Homeland Security.

Ms. Mouton-Miller's position as Supervisory Auditor with Homeland Security was subject to a one-year supervisory probationary period before becoming final. J.A. 34. On March 29, 2018—less than one year after beginning her position with the agency—Ms. Mouton-Miller received notice from the Inspector General that she had "performed unsatisfactorily" and therefore "failed to complete [her] supervisory probationary period." *Id.* As a result, she was reassigned to the nonsupervisory position of Communications Analyst, GS-0301-14, step 7, with a salary of $129,937. *Id.*

Ms. Mouton-Miller appealed the agency's action to the Board, in what soon became an adverse-action appeal under 5 U.S.C. Chapter 75.[1] Homeland Security moved to dismiss her appeal, arguing that the Board lacked jurisdiction and that, to the extent jurisdiction existed, Ms. Mouton-Miller's appeal was moot. Specifically, Homeland Security argued that Ms. Mouton-Miller's reassignment to a nonsupervisory position did not amount to an appealable adverse action under the pertinent provisions of 5 U.S.C. Chapter 75, 5 U.S.C. §§ 7511–15. *See* J.A. 25–27. Even if it did, Homeland Security continued, the only agency action that the Board would have jurisdiction to review would be the reduction in Ms. Mouton-Miller's "step" (from 8 to 7) in her reassignment from a supervisory to nonsupervisory position. J.A. 27–30. As to that, however, Homeland Security acknowledged that Ms. Mouton-Miller's "step"

---

[1]    Ms. Mouton-Miller initially filed an individual-right-of-action appeal in March 2019, *see* No. AT-1221-19-0493-W-1, but she agreed that her appeal did not fit in that category, and the administrative judge assigned to the matter "open[ed] the current adverse action Appeal," J.A. 22–23. Because the administrative judge's ruling eventually became the final decision of the Board, we hereafter refer to the administrative judge as the Board.

should not have been reduced during her reassignment but stated that it was already in the process of awarding her "all related back pay and/or other employment benefits connected to the correction of her step." J.A. 36. Therefore, to the extent that the Board had jurisdiction over the step-reduction action, Ms. Mouton-Miller's appeal was moot because her injury was already being redressed. J.A. 27–30.

On August 13, 2019, the Board issued an Order Finding Jurisdiction, explaining that—under 5 U.S.C. § 7512(4)—Ms. Mouton-Miller suffered a reduction in pay, which constituted an adverse action that the Board had jurisdiction to review. J.A. 39. Three days later, however, the Board issued an Order to Show Cause stating that it was "inclined to dismiss for lack of jurisdiction" for a different reason. J.A. 75. Specifically, it questioned Homeland Security's assertion that Ms. Mouton-Miller's supervisory service as an Audit Manager with the Postal Service could be "tacked" to her supervisory service with Homeland Security under 5 U.S.C. § 3321, which would result in Ms. Mouton-Miller completing the one-year supervisory probationary period. J.A. 75. Section 3321—which is titled "Competitive service; probationary period"—governs probationary periods in the competitive service (for both non-supervisory and supervisory appointments). *See generally* 5 U.S.C. § 3321. It first permits the President to "take such action . . . as shall provide as nearly as conditions of good administration warrant for a period of probation—(1) before an appointment in the *competitive service* becomes final; and (2) before initial appointment as a supervisor or manager becomes final." *Id.* § 3321(a) (emphasis added). Section 3321(b) then provides:

(b) An individual—

(1) who has been transferred, assigned, or promoted from a position to a supervisory or managerial position, and

> (2) who does not satisfactorily complete the
> probationary period under subsection (a)(2)
> of this section,

shall be returned to a position of no lower grade
and pay than the position from which the individ-
ual was transferred, assigned, or promoted.  Noth-
ing in this section prohibits an agency from taking
an action against an individual serving a proba-
tionary period under subsection (a)(2) of this sec-
tion for cause unrelated to supervisory or
managerial performance.

*Id.* § 3321(b).  As the Board noted, § 3321 and its corre-
sponding federal regulations refer to supervisory appoint-
ments made in the "competitive service," *see* J.A. 75; *see
also* 5 C.F.R. §§ 315.901–315.909, whereas all positions in
the Postal Service fall within the "excepted service," *see*
J.A. 75; *see also* 5 U.S.C. § 2102(a)(1)(A); 39 U.S.C. §§ 201,
1001.  Because the "excepted service" is distinct from the
"competitive service," the Board questioned whether Ms.
Mouton-Miller had in fact completed the required supervi-
sory probationary period—and, thus, whether it had juris-
diction to review the agency's action.  J.A. 75.  It explained
that "absent an agency policy which provides for tacking
excepted supervisory service for purposes of completing a
supervisory probationary period," it likely could not review
Homeland Security's actions.  *Id.*

In its initial Response to the Agency's Order to Show
Cause, Homeland Security stated that there was no agency
policy to tack excepted supervisory service on to competi-
tive supervisory service for the purpose of completing a su-
pervisory probationary period.  J.A. 82, 85.  On September
3, 2019, the Board ordered the agency to provide "its policy

covering the supervisory probationary period under 5 C.F.R. §§ 315.901–.909." J.A. 88.[2]

Homeland Security responded to the Board's order by stating that it did not "have its own written policy covering the supervisory probationary period under 5 C.F.R. §§ 315.901–.909." J.A. 95, 102. Rather, the agency explained, it "uses the statutory requirements in 5 U.S.C. § 3321 and the regulatory requirements in 5 C.F.R. §§ 315.901–.909 as the policy governing the supervisory probationary period for competitive service employees." *Id.* Accordingly, Homeland Security argued, the Board could not hear Ms. Mouton-Miller's appeal because 5 U.S.C. § 7512(C) states that the subchapter at issue, 5 U.S.C. §§ 7511–15,

> does not apply to . . . the reduction in grade of a supervisor or manager who has not completed the probationary period under section 3321(a)(2) of this title if such reduction is to the grade held immediately before becoming such a supervisor or manager.

5 U.S.C. § 7512(C); *see* J.A. 96. Homeland Security acknowledged that it previously believed Ms. Mouton-Miller had satisfied the one-year supervisory probationary period because of her supervisory position with the Postal Service. J.A. 97, 104. But it changed its view upon

---

[2]    The Board also ordered Ms. Mouton-Miller to show that her demotion was "based on partisan political affiliation or marital status" if she sought to come within the Board's jurisdiction under 5 C.F.R. § 315.908(b). J.A. 90. Ms. Mouton-Miller responded that she was not alleging that her demotion was based on partisan political considerations or her marital status. J.A. 109. The absence of Board jurisdiction under § 315.908(b) is not disputed in this court.

discovering that all Postal Service employees are employees in the excepted service, *id.*, which meant that Ms. Mouton-Miller's position with the Postal Service did not constitute competitive service and her appeal was barred by § 7512(C).

Ms. Mouton-Miller argued that the "lack of an agency policy" as to the supervisory probationary period was not dispositive; rather, "the issue in [the] case" was whether she satisfied "the statutory definition of an employee pursuant to 5 U.S.C. § 7511." J.A. 114–15. Section 7511(a)(1) defines an employee as:

> (A) an individual in the competitive service—
>
>> (i) who is not serving a probationary or trial period under an initial appointment; or
>>
>> (ii) except as provided in section 1599e of title 10, who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less

5 U.S.C. § 7511(a)(1). Ms. Mouton-Miller argued that § 7511(a)(1)(A)(ii) conferred jurisdiction upon her appeal because the Board had previously interpreted "current continuous service" to include both excepted and competitive service. J.A. 116–17 (discussing *McCrary v. Dep't of Army*, 103 M.S.P.R. 266, ¶ 8 (2006), and *Fitzgerald v. Dep't of Air Force*, 108 M.S.P.R. 620 (2008)). Thus, she concluded, her excepted service with the Postal Service should be tacked to her competitive service with Homeland Security, permitting the Board to review her appeal. *Id.*

The Board issued its initial decision on September 12, 2019. *See Mouton-Miller*, 2019 WL 4419912. It agreed with Ms. Mouton-Miller that its previous decisions had interpreted "current continuous service" under § 7511 to include both excepted and competitive service. *Id.* But it noted that satisfaction of § 7511's requirement for

"employee" status was not enough for jurisdiction here; Ms. Mouton-Miller also must avoid the "adverse action" exclusion of § 7512(C), which depends on § 3321. *Id.* The language of § 3321, the Board explained, was materially different from the language of § 7511, and § 3321 *is* limited to competitive service. Similarly, the Board noted, the regulations corresponding to § 3321 contain express references to the "competitive service," with no mention of the excepted service. *Id.* (citing 5 C.F.R. § 315.903, which explains that § 3321 "applies to appointments and positions without time limitation in the competitive civil service"). The Board thus interpreted § 3321 to "not include supervisory service performed in the excepted service." *Id.*

Because all Postal Service positions are in the excepted service, *see Van Skiver v. U.S. Postal Service*, 9 M.S.P.B. 28, 29 (1982), and because it was undisputed that Ms. Mouton-Miller's previous supervisory service was with the Postal Service, the Board found that she had not satisfied the required one-year probationary period and lacked appeal rights. *See Mouton-Miller*, 2019 WL 4419912. It therefore dismissed Ms. Mouton-Miller's appeal. *Id.*

The Board's decision became final on October 17, 2019. J.A. 6. Ms. Mouton-Miller timely appealed. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

II

We review the Board's decision under the standard in 5 U.S.C. § 7703(c), setting aside any "action, findings, or conclusions" that are "(1) arbitrary, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Whether the Board lacked jurisdiction is a legal question that we decide de novo. *Bryant v. Merit Systems Protection Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017); *Forest v. Merit Systems Protection Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

The party asserting jurisdiction bears the burden to show, by a preponderance of the evidence, that the Board had jurisdiction. *Garcia v. Dep't of Homeland Security*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc).

The Board does not have plenary appellate jurisdiction over personnel actions. *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). Rather, "[a]n employee . . . may submit an appeal to the Merit Systems Protection Board" challenging only agency actions that are appealable to the Board "under any law, rule, or regulation." 5 U.S.C. § 7701; *see also Lazaro*, 666 F.3d at 1318 ("The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation."). Here, the only jurisdictional grant at issue is the grant to review "adverse actions" under Title 5, chapter 75, of the U.S. Code.

Section 7512 provides a list of agency actions that fall within the Board's statutory jurisdiction, including, for example, "removal," a "reduction in pay," and a "reduction in grade." 5 U.S.C. § 7512. Crucially for this case, § 7512(C) excludes from that list "the reduction in grade of a supervisor or manager who has not completed the probationary period under section 3312(a)(2) of this title if such reduction is to the grade held immediately before becoming such a supervisor or manager." Thus, for Ms. Mouton-Miller's demotion to be an agency action subject to Board review, she must have completed the probationary period referred to in 5 U.S.C. § 3312(a)(2).

As described *supra*, § 3312(a) permits the President to provide for a probationary period before appointments to the competitive service and to supervisory or manager positions become final. It expressly refers to the "competitive service" in both its title and in § 3312(a)(1) when describing the type of appointments for which the President may prescribe a probationary period. The accompanying regulations to § 3312 are found at 5 C.F.R. §§ 315.901–315.909. These regulations state that employees who are

"reassigned, transferred, or promoted to another supervisory or managerial position" while in the process of completing a probationary period may count "[s]ervice in the former position . . . toward completion of the probationary period in the new position." 5 C.F.R. § 315.906(a). Thus, the regulations generally permit tacking when an individual is reassigned to a second supervisory role after beginning an initial supervisory probationary period.

But the regulations also explain that § 3312 applies to "appointments and positions without time limitation in the *competitive* civil service." *Id.* § 315.903 (emphasis added). This provision, in conjunction with the title and language of § 3312 referring to the "competitive service," expressly limit tacking to two supervisory roles held in the competitive service, and exclude supervisory roles held in the excepted service. All positions in the Postal Service fall within the excepted service. *See Van Skiver*, 9 M.S.P.R. at 381–82; *see also* 5 U.S.C. § 2102(a)(1)(A); 39 U.S.C. §§ 201, 1001. Thus, Ms. Mouton-Miller cannot tack her former supervisory position at the Postal Service onto her second supervisory position at Homeland Security for purposes of calculating her probationary period.

Ms. Mouton-Miller's reliance on the Board's decision in *Fitzgerald* is therefore misplaced. In *Fitzgerald*, as the Board noted, the plaintiff alleged that he was an "employee" under § 7511(a)(1)(A)(ii) because "current continuous service" included service in both the excepted and competitive service. *See Fitzgerald*, 108 M.S.P.R. at 624–26. The Board concluded that—because "the language of the statute itself" contained no modification limiting "service"—"current continuous service" included both competitive and excepted service for the purpose of determining "employee" status under § 7511(a)(1)(A)(ii). *Id.* at 625–27.

Here, however, the question is not Ms. Mouton-Miller's "employee" status. It is whether Ms. Mouton-Miller completed her required supervisory probationary period under

§ 3321(a)(2), such that her non-retention in the supervisory position was an "adverse action," which depends on that agency action being outside the exclusion stated in § 7512(C). In non-precedential decisions, we have recognized that the interpretation of "current continuous service" under § 7511 is "irrelevant" to determining whether an individual is "subject to an appealable agency action" under § 7512. *Koller v. Merit Systems Protection Bd.*, 250 F. App'x 312, 314–15 (Fed. Cir. 2007); *see also Currie v. Merit Systems Protection Bd.*, 679 F. App'x 995, 997 (Fed. Cir. 2017) ("We are unpersuaded that the Board has jurisdiction over [Currie's] appeal simply because he satisfied the definition of 'employee' under 5 U.S.C. § 7511(a)(1)(A)(ii)."). We do so again here. Ms. Mouton-Miller completed less than the required one year of competitive service in her supervisory role with Homeland Security; she is thus excluded from seeking review before the Board under § 7512(C). *See* 5 U.S.C. § 7512(C); *see also* 5 C.F.R. § 315.908 (employees assigned to "a nonmanagerial or nonsupervisory position" who do not allege that their reassignment was based on marital status or partisan political affiliation have "no appeal right").

Ms. Mouton-Miller relies on this court's decision in *McCormick v. Department of Air Force*, 307 F.3d 1339 (Fed. Cir. 2002). But that decision is not helpful to her argument. *See* Petitioner Opening Br. at 9. *McCormick* involved only the question of "employee" status under § 7511, not the question of the exclusion from "adverse action" review in § 7512(C). *See McCormick*, 307 F.3d at 1341–43.

We note that 5 C.F.R. § 315.905 grants broad discretion to agencies to "determine the length of the probationary period." But Homeland Security has stated that it has no separate policy governing the supervisory probationary periods of its employees. *See* J.A. 95–96. Thus, we have no occasion to consider whether a separate agency policy permitting tacking between supervisory roles with the

excepted service and the competitive service would be permissible under the applicable statutes and regulations.

Because it is undisputed that Ms. Mouton-Miller spent less than one year in her supervisory position at Homeland Security and that her previous role at the Postal Service was in the excepted service, we conclude that she has not satisfied the required supervisory probationary period under § 3312 and that the Board therefore has no jurisdiction to review the agency's action, which comes within the exclusion stated in § 7512(C).

## III

For the foregoing reasons, we affirm the judgment of the Merit Systems Protection Board dismissing the case for lack of jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**