NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCHWANDA G. HAMMOND,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2023-1079

---

Petition for review of the Merit Systems Protection Board in No. DA-3330-18-0237-C-1.

-------------------------------------------------

**SCHWANDA G. HAMMOND,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2023-1080

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-19-0492-W-1.

———————————

Decided: April 7, 2023

———————————

SCHWANDA GAIL HAMMOND, Fort Worth, TX, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE.

———————————

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Schwanda G. Hammond appeals two decisions of the Merit Systems Protection Board ("Board") dismissing her cases: first, a compliance case, and second, a whistleblower individual right of action. The Board dismissed both cases in light of a settlement agreement that resolved seven of Ms. Hammond's pending cases. We consider both cases together in light of the global settlement agreement. For the reasons set forth below, we affirm the Board's dismissal.

BACKGROUND

I

Ms. Hammond is a former employee of the Department of Defense ("agency"). In March 2018, Ms. Hammond filed an appeal pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA"). That Board appeal, docketed as No. DA-3330-18-0237-I-1, alleged the agency failed to provide her with veterans' preference in connection with two job applications as required by the VEOA.

In July 2018, Ms. Hammond and the agency entered into a settlement agreement (the "VEOA settlement agreement") mutually resolving all disputed issues. The VEOA settlement agreement provided in relevant part that the agency would pay her a lump sum of $7,000 and would appoint her to a Supervisory Administrative Assistant position on October 1, 2018. The Board entered the VEOA settlement agreement into the record and dismissed the VEOA appeal as settled.

In August 2019, Ms. Hammond filed a petition for enforcement of the VEOA settlement agreement alleging the agency had delayed paying her the lump sum and appointing her to the agreed-upon position and had retaliated against her. The Board docketed the appeal as No. DA-3330-18-0237-C-1 and designated the appeal as a "compliance case" concerning the agency's compliance with the VEOA settlement agreement. In October 2019, the Board denied the compliance appeal, finding the agency had timely paid Ms. Hammond and had appointed her to the administrative assistant position. Ms. Hammond subsequently filed an administrative petition for review of the administrative judge's denial. The petition in her compliance case was pending before the Board in March 2020 at the time of the global settlement agreement, discussed below.

II

In August 2019, Ms. Hammond filed a separate case—a whistleblower individual right of action ("IRA") appeal under the Whistleblower Protection Act of 1989 and Whistleblower Protection Enhancement Act of 2012—alleging the agency had retaliated against her for engaging in protected whistleblower activity. The Board docketed that appeal as No. DA-1221-19-0492-W-1. In December 2019, the administrative judge denied Ms. Hammond's IRA, holding that the Board lacked jurisdiction because Ms. Hammond had "failed to make a nonfrivolous allegation of a protected

disclosure." Ms. Hammond then filed a timely petition for review in January 2020. Like her compliance petition, the IRA petition was also before the Board at the time of the March 2020 global settlement agreement.

## III

In March 2020, Ms. Hammond and the agency entered into a global settlement agreement. Although the settlement arose out of another appeal—a removal appeal pending before an administrative judge—the global settlement resolved all seven appeals Ms. Hammond then had pending before the Board.[1] As part of the settlement, Ms. Hammond agreed that she would "withdraw[], with prejudice, any pending complaint(s), grievance(s), cause(s) of action, formal or informal, of any nature or cause on any basis," and "in any stage of the complaint or proceeding," against the agency. App'x 32.[2] Ms. Hammond also waived all appeal rights related to any act or omission occurring before the date of execution of the settlement agreement and "all future [Board] appeal rights." *Id.*

The agreement specified that it would be entered into the record for enforcement only in the Board appeal in which it was reached (i.e., the removal appeal). Although the clerk of the Board asked the parties to address whether they would like the agreement entered into the record for enforcement for all seven appeals, neither party responded to that inquiry. Thus, on September 23, 2022, the Board issued final orders dismissing as settled each of

---

[1]    Of these seven cases, two cases were on administrative petition for review before the full Board (the appeals in Docket Nos. 23-1079 and 23-1080, at issue here) and five other cases were pending before Board administrative judges.

[2]    We refer to the appendix filed with respondent's informal brief in No. 23-1079 ("App'x").

Ms. Hammond's seven pending cases, including the compliance appeal and IRA appeal, without entering the global settlement agreement into the record for enforcement.[3] *See* App'x 1–4.

Ms. Hammond now appeals the Board's final decisions dismissing as settled her compliance and IRA cases that were pending before the Board at the time of the global settlement agreement. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's decision to determine whether it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 868 (Fed. Cir. 2021).

Ms. Hammond raises arguments related to the global settlement agreement. She alleges (among other arguments) breach of the agreement by the agency and requests that this court "[r]edo [the] settlement agreement for all cases." Pet'r's Br. 2–3 (No. 23-1079); Pet'r's Br. 2–3 (No. 23-1080).

---

[3]   In a separate proceeding filed in August 2020 in her removal case, Ms. Hammond petitioned for enforcement of the global settlement agreement, alleging the agency has breached various provisions, including as related to her pay and health insurance. *See* MSPB Case No. DA-0752-20-0103-C-1. The Board denied that compliance case, and Ms. Hammond filed an administrative petition for review of that decision which remains pending before the full Board.

The Board did not err in dismissing Ms. Hammond's appeals. As part of the global settlement agreement, Ms. Hammond agreed to withdraw with prejudice all of her pending appeals, including her compliance and IRA appeals. App'x 32. She also waived her right to appeal on the basis of any act or omission occurring before the execution of the agreement. *Id.* The Board determined that Ms. Hammond understood the terms of the settlement agreement. App'x 2. Indeed, the agreement provides that "Ms. Hammond . . . understands and agrees that she waives all future [Board] appeal rights, with the sole exception of an appeal for enforcement of this Agreement." App'x 32. Because the parties entered into a lawful settlement agreement freely executed by Ms. Hammond and the Board accordingly dismissed her compliance and IRA cases, she may no longer appeal either case.

To the extent Ms. Hammond alleges breach of the settlement agreement or seeks enforcement of its terms, that compliance case is not properly before this court. The parties agreed that the settlement agreement would be entered into the record only for her removal case, MSPB Docket No. DA-0752-20-0103-I-1. App'x 2–3. Ms. Hammond may enforce the settlement agreement through an appeal brought in that case. And, in fact, Ms. Hammond has done so; she currently has a pending appeal before the Board in her removal case seeking enforcement of the global settlement agreement.[4] In any event, no enforcement petition may be brought in either her compliance or IRA settled cases.

## CONCLUSION

We have considered the remaining arguments in these cases and find them unpersuasive. For the foregoing

---

[4] That case, which is pending before the full Board on an administrative petition for review, is not before us.

reasons, we affirm the Board's dismissal of Ms. Hammond's compliance and IRA cases.

**AFFIRMED**

Costs

No costs.