NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD J. SIMPKINS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1012

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-22-0190-I-1.

---

Decided:  May 3, 2023

---

EDWARD J. SIMPKINS, Greenbelt, MD, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

Edward J. Simpkins appeals a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of subject matter jurisdiction. Because the Board properly dismissed Mr. Simpkins's appeal, we affirm.

## BACKGROUND

Mr. Simpkins was removed from his position as a benefits specialist at the Department of Labor ("DOL") for cause in early 2009. *See* S.A. 46.[1] Later that year, Mr. Simpkins and DOL entered into a settlement agreement, changing his removal to a resignation. S.A. 46. Mr. Simpkins then submitted his resignation. However, because of the settlement's timing, Mr. Simpkins's final pay card from DOL—submitted on January 15, 2009—identifies his status as "removed" instead of "resigned." *See* S.A. 31–32.

On January 20, 2022, Mr. Simpkins filed an appeal with the Board. S.A. 24, 28. He asserted that an Office of Personnel Management ("OPM") action taken on January 6, 2022, constituted (1) a negative suitability determination; (2) an improper employment practice; or (3) a failure to reinstate or reemploy. S.A. 25. Based on the date, the purported OPM action is a response letter from OPM to Senator Van Hollen, who had contacted OPM at Mr. Simpkins's request. *See* S.A. 31–32. According to that letter, Mr. Simpkins was seeking correction of his final DOL pay card to list his status as "resigned" instead of "removed." *See* S.A. 31.[2] OPM acknowledged that

---

[1] We cite to the supplemental appendix attached to Respondent's brief ("S.A.") for ease of reference because Mr. Simpkins's appendix is not paginated.

[2] Mr. Simpkins's final notification of personnel action—retroactively dated to April 16, 2009, per the settlement agreement—correctly reports Mr. Simpkins's resignation. *See* S.A. 44; S.A. 31–32; S.A. 46.

Mr. Simpkins's final pay card lists Mr. Simpkins as removed but clarified that that was "because it was completed before [Mr. Simpkins] resigned"—i.e., after Mr. Simpkins's removal but before the settlement agreement. S.A. 32. OPM noted that "OPM cannot make any changes to" that final pay card because Mr. Simpkins did not retire with OPM; only DOL can change Mr. Simpkins's final pay card to reflect his resignation. S.A. 31–32.

The Board dismissed Mr. Simpkins's appeal of the January 2022 OPM letter for lack of jurisdiction. S.A. 1. The Board determined that Mr. Simpkins "failed to present a nonfrivolous allegation that he was subject to any [1] suitability action, [2] employment practice violation, or [3] failure to reinstate or reemploy following compensable injury." S.A. 4; *see* S.A. 4–6.

Mr. Simpkins appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's determination that it lacked jurisdiction without deference. *Mouton-Miller v. MSPB*, 985 F.3d 864, 868 (Fed. Cir. 2021). Because the Board properly concluded that Mr. Simpkins failed to allege facts sufficient to support Board jurisdiction, we affirm.

The Board has limited jurisdiction, but, as relevant here, it can review: (1) "a suitability action against a person," *see* 5 C.F.R. § 731.501(a); (2) an "employment practice . . . violat[ion]" of 5 C.F.R. § 300.103, *see id.* § 300.104(a); and (3) "an agency's failure to restore . . . an employee following a leave of absence" after recovering from a compensable injury, *see id.* §§ 353.304(a), 1201.3(a)(4). The Board properly determined that Mr. Simpkins did not allege facts that, if proven, could establish jurisdiction by the Board under any of these three grounds.

First, the Board properly concluded that Mr. Simpkins failed to allege sufficient facts to show that the OPM letter could constitute an appealable suitability action. Appealable suitability actions are defined in § 731.203(a) as cancellation of eligibility, removal, cancellation of reinstatement eligibility, and debarment. *Id.* § 731.203(a); *see Ricci v. MSPB*, 953 F.3d 753, 757 (Fed. Cir. 2020) (citing 5 C.F.R. § 731.203(a)). Mr. Simpkins asserts that he hasn't been able to obtain employment because his final DOL pay card shows "removed" instead of "resigned" and that, as a result, he has been de facto debarred from federal employment. *See* S.A. 5–6. But as the Board correctly noted, it does not have jurisdiction over such de facto suitability action claims. *Ricci*, 953 F.3d at 758; *see* S.A. 5.

Second, the Board properly determined that Mr. Simpkins failed to allege sufficient facts that the OPM letter could constitute a violation of the requirements set forth in 5 C.F.R. § 300.103. Mr. Simpkins did not provide any explanation as to what the alleged employment violation by OPM was. Indeed, it appears that the object of Mr. Simpkins's complaint has nothing to do with OPM. We understand Mr. Simpkins's appeal to concern DOL's failure to retroactively correct Mr. Simpkins's final pay card to reflect that, as an official matter, Mr. Simpkins resigned.

And finally, the Board properly concluded that Mr. Simpkins failed to allege sufficient facts that the OPM letter could constitute a failure to restore Mr. Simpkins to federal employment following recovery from a compensable injury. 5 C.F.R. §§ 353.304, 1201.3(a)(4). Mr. Simpkins does not allege that he suffered any kind of compensable injury. Injury, as defined by 5 C.F.R. § 353.102 and 5 U.S.C. § 8101(5), includes, "in addition to injury by accident, a disease *proximately caused by the employment*, and damage to or destruction of" certain medical devices. 5 U.S.C. § 8101(5) (emphasis added); *see* 5 C.F.R. § 353.102 (defining injury with reference to 5 U.S.C. § 8101(5)). Mr. Simpkins notes that he is a disabled veteran and

cancer survivor, but he does not allege that those facts relate to his prior employment as a benefits specialist at DOL.

We are not unsympathetic to Mr. Simpkins's concerns about his final pay card, but, as OPM has informed Mr. Simpkins, "[i]f [Mr. Simpkins] would like his final [pay card] corrected to reflect" his resignation, "then [Mr. Simpkins] must contact his former agency"—DOL—for the relief he seeks. *See* S.A. 32.

## CONCLUSION

We have considered Mr. Simpkins's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### AFFIRMED

## COSTS

No costs.