# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARMAINE C. LEONARD,
          Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
NY-0752-21-0104-I-1

DATE:  October 15, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Charmaine C. Leonard, Buffalo, New York, pro se.

Kimberly M. Thrun, Cheektowaga, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On April 26, 2020, the agency promoted the appellant in the Veterans Health Administration (VHA) from a GS-6 Advanced Medical Support Assistant to a GS-7 Supervisory Medical Support Assistant. Initial Appeal File (IAF), Tab 6 at 125. Due to her failure to complete a 1-year supervisory probationary period, on April 25, 2021, the agency demoted her back to a GS-6 Advance Medical Support Assistant position at the same step she held prior to the promotion. *Id.* at 22-23, 31, 39-40. The appellant filed an appeal challenging her demotion. IAF, Tab 1.

In a show cause order, the administrative judge informed the appellant that she could appeal her demotion only if she made a nonfrivolous claim that it was based on partisan political reasons or marital status discrimination, and ordered her to file evidence and argument to establish the Board's jurisdiction over her appeal. IAF, Tab 4 at 2-3. The appellant failed to file a response addressing Board jurisdiction. In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 4-5.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response, PFR File, Tab 3.

## ANALYSIS

The Board's jurisdiction over agency adverse actions includes, relevant to this case, reductions in pay or grade. 5 U.S.C. § 7512. The statute specifically excludes from such jurisdiction "the reduction in grade of a supervisor or manager who has not completed the probationary period under 5 U.S.C. § 3321(a)(2) if such reduction is to the grade held immediately before becoming such a supervisor or manager." 5 U.S.C. § 7512(C). Section 3321(a)(2), in turn, provides for supervisory probationary periods and authorizes the issuance of

regulations. One such regulation, promulgated at 5 C.F.R. § 315.908, limits Board appeal rights for any employee demoted to a nonmanagerial or nonsupervisory position for failure to complete such a probationary period to allegations that the demotion was based on partisan political affiliation or marital status. *De Cleene v. Department of Education,* 71 M.S.P.R. 651, 656 (1996).

However, 5 U.S.C. § 3321 and its corresponding regulations in 5 C.F.R. §§ 315.901-315.909 apply to positions in the competitive service and do not apply to supervisory positions in the excepted service. *Mouton-Miller v. Merit Systems Protection Board*, 985 F.3d 864, 869 (Fed. Cir. 2021). Evidence in the record, including a Standard Form (SF) 50, indicates that the appellant's Supervisory Medical Support Assistant position was in the excepted service. IAF, Tab 6 at 111, 117, 119, 125.

For the Board to have jurisdiction over an adverse action appeal of a non-preference eligible individual in the excepted service,[2] the individual must not be serving a probationary or trial period under an initial appointment pending conversion to the competitive service, or must have completed 2 years of current, continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C). The administrative judge did not provide this information to the appellant. Because the Board must provide the appellant with explicit information on what is required to establish an appealable jurisdictional issue, a remand is appropriate. *See Burgess v. Merit Systems Protection Board,* 758 F.2d 641, 643-44 (Fed. Cir. 1985).

On remand, the administrative judge must notify the appellant that she may establish Board jurisdiction as a non-preference eligible individual in the excepted service by showing that she was not serving a probationary or trial period under an initial appointment pending conversion to the competitive

---

[2] The appellant's SF-50s identify her as a non-preference eligible. IAF, Tab 6 at 31, 125.

service, or had completed 2 years of current, continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C). The administrative judge must also notify the appellant that she must show that she was appointed to her Supervisory Medical Support Assistant position under 38 U.S.C. § 7401(3) for the Board to exercise jurisdiction over her appeal as an excepted service VHA employee. 5 U.S.C. § 7511(b)(10); *see* 38 U.S.C. § 7403(f)(3).[3] After providing the required notice, the administrative judge shall afford the appellant the opportunity to establish jurisdiction according to these requirements.

## ORDER

For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.[4]

*Gina K. Grippando*

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.

_____

[3] Although we remand this issue, certain evidence suggests that the appellant was appointed to her position pursuant to 38 U.S.C. § 7401(3). The SF-50 promoting the appellant to the Supervisory Medical Support Assistant listed the authority as 38 U.S.C. § 7403, which authorizes promotions of employees in positions appointed under 38 U.S.C. § 7401(3). IAF, Tab 6 at 125; *see* 38 U.S.C. § 7403(f)(1)(B), (h)(1). The agency's Veterans Administration (VA) Handbook 5005 identifies 38 U.S.C. § 7401(3) as an authority under which Medical Support Assistants, which include Advanced and Supervisory Medical Support Assistants, may be appointed. VA Handbook 5005, pt. II, app. G45, pt. III, app. Q, https://www.va.gov/vapubs/viewPublication.asp?Pub_ID=1454&FType=2 (last visited Oct. 15, 2024).

[4] In view of this disposition, we determine that it is unnecessary to address the merits of the appellant's arguments here on petition for review.