NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DELIRIS MONTANEZ,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2024-1938

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-23-0115-I-1.

---

Decided: March 5, 2025

---

DELIRIS MONTANEZ, El Paso, TX, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and
BARNETT, *Judge*.[1]

PER CURIAM.

Deliris Montanez petitions for review of a final order of
the Merit Systems Protection Board (Board) dismissing her
appeal for lack of jurisdiction. For the following reasons,
we *affirm*.

## BACKGROUND

Ms. Montanez served as a Lieutenant Colonel in the
United States Army Reserves. Appx. 35.[2] On April 4,
2019, a memorandum signed by the Secretary of the Army
removed Ms. Montanez from the promotion list for Colonel
and directed the Commanding General of the United
States Army Reserve Command to initiate elimination pro-
ceedings. *Id.* Ms. Montanez was involuntarily separated
from military service effective July 18, 2019. *Id.*

On January 2, 2023, Ms. Montanez filed an appeal to
the Board challenging the Army's actions and alleging her
separation from uniformed service was in retaliation for
her purported 2016 whistleblowing activity. *Id.*; Appx. 11.
The administrative judge issued a Show Cause Order re-
quiring Ms. Montanez to file evidence and argument estab-
lishing jurisdiction over her appeal and explaining the
Board has jurisdiction over only certain actions taken
against civilian employees and lacks jurisdiction over ac-
tions taken against members of the Armed Forces. Appx.
56–59. In response, Ms. Montanez reiterated her allega-
tions that the Army's actions constituted retaliation for her
alleged protected whistleblowing activity. Appx. 29; Appx.

---

[1]    Honorable Mark A. Barnett, Chief Judge, United
States Court of International Trade, sitting by designation.
[2]    "Appx." refers to the appendix attached to Re-
spondent's Informal Brief.

47–48.  The Army moved to dismiss the appeal because, among other reasons, Ms. Montanez was an officer in the Army, not a civilian employee pursuant to 5 U.S.C. § 7511(a).  Appx. 38.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding a hearing, because Ms. Montanez failed to allege any adverse action taken against her in a federal civil position. Appx. 11–12.  The administrative judge also found that, to the extent Ms. Montanez was attempting to bring an Individual Right of Action (IRA) appeal for whistleblower retaliation, the Board lacked jurisdiction over whistleblower claims of individuals serving in uniformed service positions.  Appx. 13.  Ms. Montanez filed an administrative petition for review with the Board.  Appx. 25.  The Board issued a final order denying Ms. Montanez's petition for review and affirming the initial decision dismissing her appeal for lack of jurisdiction.  Appx. 1–9.  Ms. Montanez petitions this court for review.

## DISCUSSION

### I. Appellate Jurisdiction

We have jurisdiction over "an appeal from a final order or final decision of the [Board]."  28 U.S.C. § 1295(a)(9); *see also* 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit . . . .").  We do not have jurisdiction over "mixed" cases where "a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the [Board] and (2) attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws."  *Harris v. SEC*, 972 F.3d 1307, 1317 (Fed. Cir. 2020) (citing 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302(a); 5 C.F.R. § 1201.151).  When the Board dismisses a mixed case, the proper review forum is federal district court, not

the Federal Circuit. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 430–31 (2017).

Ms. Montanez alleged the Army's actions were based on prohibited discrimination. Appx. 29; Appx. 47–48. This is not a mixed case, however, because as discussed in detail below, Ms. Montanez did not allege any adverse action appealable to the Board. Therefore, we have jurisdiction to review the Board's dismissal.

## II.  Board Jurisdiction

Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 868 (Fed. Cir. 2021). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

As the appellant before the Board, Ms. Montanez has the burden of establishing the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). If an individual makes non-frivolous allegations of jurisdiction, then she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1330 (Fed. Cir. 2006) (en banc). Non-frivolous allegations are allegations that, if proven, can establish the Board's jurisdiction. *Id.* To establish the Board has jurisdiction, an individual must, among other things, show she satisfies one of the definitions of "employee" listed under 5 U.S.C. § 7511(a)(1) or, for an IRA appeal, under 5 U.S.C. § 2105. *See* 5 U.S.C. §§ 1221(a), 7513(d).

The Board correctly concluded Ms. Montanez was not an "employee" under 5 U.S.C. § 7511(a)(1). Rather, Ms. Montanez sought to challenge actions taken by the Army

against her in her capacity as a member of the uniformed services, actions over which the Board lacks jurisdiction. *See, e.g.*, *Jeffries v. Dep't of the Air Force*, 999 F.2d 529, 530 (Fed. Cir. 1993) ("The cancellation of active reserve status is a uniquely military decision and is subject to review only within the military command.").

The Board also correctly concluded it lacks jurisdiction over potential whistleblower retaliation claims brought by individuals serving in uniformed service positions. Appx. 2–3; *see also* 5 U.S.C. § 2105(a)(1) (defining employee for purposes of bringing IRA appeal as an individual "appointed in the civil service"); 5 U.S.C. § 2101(1) ("[T]he 'civil service' consists of all appointive positions in the executive, judicial, and legislative branches of the Government of the United States, *except positions in the uniformed services . . . .*" (emphasis added)).

Ms. Montanez argues her earning statements reference her as an "employee" and the government cannot choose when to designate an individual as an employee and when not to. Petitioner's Informal Br. 2. The characterization of an individual as an "employee" on earning statements, however, does not transform Ms. Montanez into an "employee" under 5 U.S.C. § 7511(a)(1) or 5 U.S.C. § 2105 for purposes of Board jurisdiction.

Ms. Montanez also argues the administrative judge refused to conduct a hearing, which is contrary to the Board's regulations and the Constitution. Petitioner's Informal Br. 2–3. We see no error in the Board's denial of a hearing. As explained above, Ms. Montanez is only entitled to a hearing if she makes non-frivolous allegations of jurisdiction. *Garcia*, 437 F.3d at 1330. Ms. Montanez's allegations are not sufficient to warrant a hearing because, even if proven, they fail to establish the Board has jurisdiction, as she cannot show she satisfies any definition of "employee" listed under 5 U.S.C. § 7511(a)(1) or 5 U.S.C. § 2105.

Ms. Montanez requests we "transfer this case to Federal District Court." Petitioner's Informal Br. 3. We decline to transfer this case because transfer is not in the interest of justice under 28 U.S.C. § 1631. As explained, this Court, not a federal district court, has jurisdiction over Ms. Montanez's petition for review.

## CONCLUSION

We have considered Ms. Montanez's remaining arguments and find them unpersuasive. For the reasons stated above, the Board lacks jurisdiction over this case. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.