NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IKIA BUTLER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2025-1204

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-23-0453-I-1.

---

Decided: October 20, 2025

---

IKIA BUTLER, Charlotte, NC, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

SEAN KELLY GRIFFIN, Commercial Litigation Branch,

Civil Division, United States Department of Justice, Washington, DC, for intervenor.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

―――――――――――

Before MOORE, *Chief Judge*, DYK and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Ikia Butler petitions for review of a decision from the Merit Systems Protection Board (Board) dismissing her appeal for lack of jurisdiction.  We *affirm*.

## BACKGROUND

After working for the United States Postal Service (USPS) as a full-time City Carrier for over twelve years in Philadelphia, Pennsylvania, Ms. Butler bid for and received a reassignment to Charlotte, North Carolina.  Appx. 1–2.[1]  A few months after starting in Charlotte, she resigned for personal reasons.  Appx. 1.  Approximately one year after resigning, she applied for and was hired as an entry-level USPS City Carrier Assistant (CCA) in Charlotte.  Appx. 2; Appx. 26.  She completed new-employee orientation and several months of training before resigning again.  Appx. 2.  While employed as a CCA, she alleges she sought reinstatement to her prior full-time City Carrier position, which was denied.  Appx. 2; Appx. 31.  Ms. Butler then appealed to the Board, alleging that USPS failed to credit her prior seniority.  Appx. 1.  The Board dismissed for lack of jurisdiction.  Appx. 1–5. Ms. Butler petitions for review.  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

―――――――――――

[1]  "Appx." refers to the appendix attached to Respondent's informal brief.

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law we review de novo. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). We review the Board's fact findings underlying its jurisdictional analysis for substantial evidence. *Id.*

The Board determined Ms. Butler failed to demonstrate she was subject to an appealable adverse action or establish a basis for a claim based on denial of restoration to work following a compensable workplace injury. Appx. 3–4. As an independent basis for dismissal, the Board found Ms. Butler did not allege she fell within one of the limited categories of USPS employees with Board appeal rights. Appx. 4–5. Ms. Butler does not challenge any of these determinations on appeal.

Instead, Ms. Butler argues USPS' refusal to reinstate her to her prior seniority was a "suitability action" within the Board's jurisdiction. Petitioner's Informal Br. 8–10 (citing 5 C.F.R. §§ 731.203, 1201.3(a)(9)). Because Ms. Butler did not raise this argument before the Board, it is waived. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). Even if not waived, Ms. Butler cannot cast USPS' refusal to reinstate her to her previous position as a suitability action to fall within the Board's jurisdiction. The Board has jurisdiction over suitability actions where an agency takes action against a competitive service or career Senior Executive Service employee resulting from certain negative suitability determinations including cancellation of eligibility, removal, cancellation of reinstatement eligibility, or debarment. 5 C.F.R. §§ 731.101,

.203; *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 757 (Fed. Cir. 2020). As a postal service employee, Ms. Butler is in the excepted service, not the competitive service or Senior Executive Service. *See Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 867 (Fed. Cir. 2021) ("All positions in the Postal Service fall within the excepted service."); 5 U.S.C. § 2103 ("[T]he 'excepted service' consists of those civil service positions which are not in the competitive service or the Senior Executive Service."). As such, Ms. Butler cannot be subject to a suitability action under the Board's jurisdiction. *See* 5 C.F.R. § 731.101(a).

Ms. Butler argues that USPS' refusal to credit her prior seniority after she accepted the CCA position was a cancellation of her reinstatement eligibility, but no evidence shows she was eligible for reinstatement to her previous position or that such eligibility was cancelled. Petitioner's Informal Br. 8–10. Ms. Butler also argues the USPS Employment and Placement Handbook (EL-312) gave her a right to reinstatement in her previous position. Petitioner's Informal Br. 9 (citing EL-312, §§ 233.332(a), .333, .334(b)(1)(a)). The portions of EL-312 Ms. Butler relies on, however, do not require USPS to reinstate her to her previous seniority or give the Board jurisdiction to review USPS' decision. Instead, EL-312 states "[t]he Postal Service *may* fill a career position by reinstatement," but it does not require USPS to reinstate her or grant the Board jurisdiction to review USPS' decision not to reinstate Ms. Butler to her prior seniority. *See* EL-312, § 233.331 (emphasis added).

## CONCLUSION

We have considered Ms. Butler's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

**AFFIRMED**

### COSTS

No costs.