NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TAFT ROBINSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2025-1995

_____

Petition for review of the Merit Systems Protection Board in No. SF-3443-25-1467-I-1.

_____

Decided:  February 5, 2026

_____

TAFT ROBINSON, Stevenson Ranch, CA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

_____

Before PROST, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Taft Robinson petitions for review of the July 11, 2025 decision of the Merit Systems Protection Board ("Board"), S.A. 1–13,[1] dismissing his appeal for lack of jurisdiction. For the following reasons, we affirm.

BACKGROUND

Mr. Robinson is a Census Field Representative in the U.S. Census Bureau ("agency") in the Los Angeles, California Regional Office. S.A. 17. On March 18, 2025, the agency announced to all staff that Voluntary Early Requirement Authority ("VERA") and Voluntary Separation Incentive Payments ("VSIP") would be available to eligible employees. S.A. 26–27. The agency stated that employees retiring under VERA must separate "no later than May 3, 2025." S.A. 26.

Mr. Robinson was interested in separating with VSIP and submitted an application, which the agency received April 14, 2025. S.A. 2; Pet'r's Informal Br. 2. However, Mr. Robinson did not receive a response from the agency by the May 3 deadline and therefore he did not resign before then. S.A. 18. He alleges that the agency's failure to issue a "VSIP Approval Letter" by May 3 disqualified him from receiving VSIP. *Id.*

Mr. Robinson filed his appeal with the Board on June 14, 2025. S.A. 16. The administrative judge ("AJ") issued an initial decision dismissing the appeal for lack of jurisdiction, which became the final decision of the Board on August 15, 2025. S.A. 5, 16. Mr. Robinson's petition to this court, although filed prematurely, has since ripened into an effective timely appeal. *See Jones v. HHS*, 834 F.3d 1361, 1365–66 (Fed. Cir. 2016). We thus have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

### DISCUSSION

We decide de novo whether the Board properly dismissed Mr. Robinson's appeal for lack of jurisdiction. *Mouton-Miller v. MSPB*, 985 F.3d 864, 868 (Fed. Cir. 2021). "The Board does not have plenary appellate jurisdiction over personnel actions." *Id.* at 869. Rather, for the Board to have jurisdiction, the underlying personnel action must be "appealable to the Board under [a] law, rule, or regulation." 5 U.S.C. § 7701(a). Mr. Robinson bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Mouton-Miller*, 985 F.3d at 869.

As relevant here, the Board's authority to hear appeals from adverse agency actions is limited by statute to: "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." 5 U.S.C. § 7512.

Before us, Mr. Robinson's principal argument appears to be that the agency should not have used the fact that he worked past the May 3, 2025 deadline to deny his VSIP application.[2] Rather, he argues the agency should have considered other factors, like his tenure and veterans' preference. Pet'r's Informal Br. 2. However, even accepting Mr. Robinson's argument as to VSIP eligibility, he does not allege that he was actually removed or separated from his position. Indeed, Mr. Robinson acknowledges that he continued to "keep working." Memorandum in Lieu of Oral Argument at 2 (Jan. 5, 2026), ECF No. 42. The AJ recognized that despite checking the box for "Separation, demotion or furlough for more than 30 days by reduction in force (RIF)" in his submission to the Board, S.A. 18,

---

[2]    Mr. Robinson does not appear to challenge the agency's use of the May 3 deadline for both VERA and VSIP. Pet'r's Informal Br. 2 (acknowledging "we had to be separated/quit from the Census Bureau by May 3, 2025").

Mr. Robinson's appeal does not allege the agency took any such action. S.A. 4 n.1. Thus, Mr. Robinson's appeal does not involve a "removal," or any other of the enumerated personnel actions under § 7512.

Moreover, Mr. Robinson has not cited to any provision of law governing VSIP that would grant the Board jurisdiction over his alleged disqualification. Mr. Robinson references "Public Law 107-296 and [5] U.S.C. § 3522," which relates to agency plans for implementing VSIP. Pet'r's Informal Br. 2. However, even those provisions relevant to a petitioner's eligibility for VSIP do not give the petitioner appeal rights at the Board to challenge the denial or disqualification from receiving VSIP. Mr. Robinson points to no persuasive authority supporting his argument that the circumstances here confer Board jurisdiction.

CONCLUSION

We have considered Mr. Robinson's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.