NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN SUGGS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2285

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-20-0561-I-1.

---

Decided: March 9, 2026

---

WAYNE JOHNSON, Deciccio & Johnson, Winter Park, FL, for petitioner.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

John Suggs petitions for review of a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. For the following reasons, we affirm.

## BACKGROUND

Mr. Suggs worked for the Government Publishing Office ("agency") until he was involuntarily removed in 2015 due to medical conditions affecting his performance. App'x 44.[1] Mr. Suggs sought severance pay from the agency with the assistance of his state's senator. App'x 67–68. The agency denied him severance pay because he was eligible to receive an annuity for disability retirement at the same time. App'x 64–66. Furthermore, because he had already received an advance of sick and annual leave before his separation, the agency determined that he had been overpaid. App'x 62. The agency thus reported a debt, which led to the National Finance Center garnishing Mr. Suggs's social security disability benefits. App'x 47–48.

Mr. Suggs appealed the denial of severance pay and garnishment of his social security benefits to the Board. Shortly after filing his appeal, an administrative judge ("AJ") issued an Order to Show Cause requiring Mr. Suggs to demonstrate jurisdiction or show he was entitled to a hearing on the issue. App'x 35–40. Mr. Suggs's response was untimely. App'x 3. Nevertheless, after receiving submissions from Mr. Suggs and the agency, the AJ issued an initial decision dismissing the appeal for lack of jurisdiction. App'x 1–13. Mr. Suggs filed a petition for review, and the full Board issued a final order affirming the initial decision. App'x 14–21.

---

[1]    "App'x" refers to the appendix filed by Mr. Suggs.

Mr. Suggs timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

Whether the Board properly dismissed Mr. Suggs's appeal for lack of jurisdiction is an issue we review de novo. *Mouton-Miller v. MSPB*, 985 F.3d 864, 868 (Fed. Cir. 2021). "The Board does not have plenary appellate jurisdiction over personnel actions." *Id.* at 869. Rather, for the Board to have jurisdiction, the underlying personnel action must be "appealable to the Board under [a] law, rule, or regulation." 5 U.S.C. § 7701(a). As relevant here, the Board's authority to hear appeals is limited by statute to certain "adverse actions," *Mouton-Miller*, 985 F.3d at 869: "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." 5 U.S.C. § 7512.

Before us, Mr. Suggs appears to argue that Board jurisdiction flows from his allegedly improper removal and extends to "matters incident to that," including severance pay. Pet'r's Br. 4. We decline to entertain Mr. Suggs's belated and undeveloped merits challenge to his 2015 removal. *See Conant v. OPM*, 255 F.3d 1371, 1375 (Fed. Cir. 2001) ("It is well-settled law that appellants from an administrative agency decision may not raise claims for the first time on appeal."). Mr. Suggs's appeal to the Board was premised on his being "[i]mproperly denied severance pay and then garnished for severance pay that was never received." App'x 27; S. App'x 4.[2] As the AJ recognized, "[t]here is no statute or regulation which provides the Board with the authority to review severance pay issues or the merits of a debt claim." App'x 4. Mr. Suggs's appeal to the Board did not challenge his removal. And Mr. Suggs

---

[2]    "S. App'x" refers to the supplemental appendix filed by the government.

never alleged any other action over which the Board has jurisdiction.

Mr. Suggs also relies on *Roach v. Department of the Army*, 82 M.S.P.R. 464 (1999), to allege that garnishment of wages constitutes a reviewable adverse action. Pet'r's Br. 8–11. Both the AJ and Board determined that Mr. Suggs's claims regarding garnishment were not an adverse action, such as "a reduction in pay" under § 7512. *See* App'x 4, 15–16. We agree. The *Roach* decision held that wage garnishment could satisfy the statutory definition of "personnel action" under 5 U.S.C. § 2302(a)(2)(A), allowing such action to support Board jurisdiction in an Individual Right of Action claim for whistleblower reprisal. 82 M.S.P.R. at 470. Mr. Suggs appears to conflate the term "personnel action" in the whistleblower context with an "adverse action" pursuant to § 7512. But similarity of language aside, Mr. Suggs fails to explain how a "personnel action," like that in *Roach*, establishes jurisdiction here, where Mr. Suggs has not alleged whistleblower reprisal.

## CONCLUSION

We have considered Mr. Suggs's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.