# United States Court of Appeals for the Federal Circuit

---

**HERBERT MCCOY, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1565

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-19-0007-I-1.

---

Decided: October 24, 2024

---

HERBERT MCCOY, JR., Stafford, VA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Herbert McCoy, Jr. appeals from a decision of the Merit Systems Protection Board ("the Board") dismissing his

administrative appeal for lack of jurisdiction. *McCoy v. Gen. Servs. Admin.*, No. DC-3330-19-0007-I-1, 2024 WL 913841 (M.S.P.B. Mar. 1, 2024) ("*Decision*"). For the following reasons, we affirm.

BACKGROUND

McCoy applied for a Program Analyst position with the General Services Administration ("the GSA"). S.A.[1] 29. On September 26, 2018, McCoy was informed that he had not been selected for the position. *See* S.A. 26, 29.

On September 30, 2018, McCoy appealed his nonselection to the Board, asserting that he did "not believe [his] Veteran's Preference and [] 30% or more Disabled Veteran status [were] considered for the Job Position." S.A. 26. In the appeal he noted that he had not yet filed a complaint with the Secretary of Labor. S.A. 27.

On October 2, 2018, because McCoy's appeal appeared to raise a claim under the Veterans Employment Opportunities Act of 1998 ("VEOA"), which requires a petitioner to first file a complaint with the Secretary of Labor before seeking Board review, *see generally* 5 U.S.C. § 3330a, the Board's Administrative Judge ("AJ") ordered McCoy to provide proof that he had satisfied that requirement. S.A. 30, 31, 35. The AJ explained that the burden was on McCoy to establish jurisdiction, *see* S.A. 31–34, and requested McCoy to provide "the date [he] filed a complaint with the Secretary of Labor, and the date [he] received written notice, if any, from the Secretary." S.A. 35. And, if McCoy had received notice from the Secretary, the AJ requested a copy of the Secretary's communication to him. S.A. 35. In response, McCoy submitted various documents to the Board, none of which established that

---

[1] "S.A." refers to the Supplemental Appendix filed with Respondent's Brief.

McCoy had filed a complaint to, or received notice from, the Secretary. S.A. 39–43.

On October 26, 2018, the AJ issued an Initial Decision, dismissing the appeal for lack of jurisdiction because McCoy had not proven that he had exhausted his Department of Labor ("DOL") remedy. S.A. 45–48 (citing 5 U.S.C. § 3330a).

On November 28, 2018, McCoy petitioned the Board for review of the Initial Decision. S.A. 44. McCoy argued that his petition was "based on a violation of veterans' preference rights under the [VEOA] via lack of jurisdiction." S.A. 44. The GSA responded to the petition, arguing that because McCoy had still not shown that he filed a complaint with the Secretary, the AJ had correctly dismissed the appeal for lack of jurisdiction. S.A. 56–57.

The Board agreed with the GSA, and on March 1, 2024, denied the petition and affirmed the initial decision because McCoy had "not address[ed] the issue of DOL exhaustion" and therefore had not met his burden in establishing the Board's jurisdiction. *Decision*, at \*2.

McCoy timely petitioned for review of the Board's decision. He also filed a Fed. Cir. R. 15(c) Statement Concerning Discrimination, stating that he had alleged discrimination before the Board and that he did not wish to abandon his claim. S.A. 60–62. In that statement, however, he only refers to his VEOA claims, not to his failure to exhaust his remedy at the DOL. *Id.* In his informal brief, McCoy also contends that the Board's decision to dismiss his appeal was erroneous under the Americans with Disabilities Act. Pet'r's Br. at 3.

In general, we do not have jurisdiction over "mixed case[s,]" in which a federal employee "complains of having suffered a serious adverse personnel action appealable to the [Board]" and "attributes the adverse action . . . to bias prohibited by [certain] federal antidiscrimination laws" listed in 5 U.S.C. § 7702(a)(1). *Harris v. S.E.C.*, 972 F.3d

1307, 1317 (Fed. Cir. 2020). However, because there is nothing in the record suggesting that McCoy attributed his non-selection to discrimination prohibited under the laws provided in 5 U.S.C. § 7702(a)(1), we have jurisdiction over this appeal under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations *de novo*. *Bryant v. Merit Sys. Prot. Bd.*, 878 F. 3d 1320, 1325 (Fed. Cir. 2017). The Board is a tribunal with limited jurisdiction, only permitted to hear matters as granted by law, rule, or regulation. *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380–81 (Fed. Cir. 2024) (citing *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985)); *see also* 5 U.S.C. § 7701(a).

Preference eligible veterans receive advantages when seeking federal employment. *Lazaro v. Dep't of Veterans Affs.*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). To enable veterans to receive these preference rights, Congress has enacted various statutes relating to the hiring of preference eligible veterans. *Id.* The VEOA provides preference eligible veterans with "a right to file a claim for any agency hiring decision that violated [their] rights under a statute or regulation relating to veteran's preference." *Id.* (citing 5 U.S.C. § 3330a). To invoke Board jurisdiction for a VEOA claim:

> [A]n appellant must (1) show that he exhausted his remedies with the [Department of Labor] and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's preference.

*Id.* at 1319 (second alteration in original).

Section 3330a of the VEOA outlines the exhaustion process. A complaint relating to veterans' preference must be filed with the Secretary of Labor, who is responsible for investigating the matter. 5 U.S.C § 3330a(a)(1)(A), (b)(1). If the Secretary is unable to resolve the complaint, the Secretary must notify the complainant, in writing, of the results of the investigation. *Id.* § 3330a(c)(2). The complainant then has 15 days to appeal to the Board. *Id.* § 3330a(d)(1)(B). The complainant can also appeal to the Board if more than 60 days have passed since the complaint was filed and the complainant has not received written notification from the Secretary. *Id.* § 3330a(d)(1)(A). A complainant may not appeal to the Board without first providing written notification to the Secretary of his or her intention to bring an appeal. *Id.* § 3330a(d)(2)(A). Additionally, evidence of written notification to the Secretary must be included with the notice of appeal to the Board. *Id.* § 3330a(d)(2)(B).

On appeal, McCoy does not address his failure to provide evidence of his complaint to the Secretary. Rather, his briefing reiterates his contention that under the VEOA, his "rights as a Disabled US Veteran seeking employment" entitled him to either the position he applied for with the GSA or monetary relief. Pet'r's Reply Br. at 3; *see also* Pet'r's Br. at 2. But that statement is insufficient, by statute, to convey Board jurisdiction over his claims.

Because McCoy has not shown that he has exhausted his DOL remedies before appealing to the Board, we affirm the Board's determination that it lacked jurisdiction over McCoy's petition.

## CONCLUSION

We have considered McCoy's other arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

## COSTS

MCCOY v. MSPB

No costs.