NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY R. CHAPMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**OFFICE OF PERSONNEL MANAGEMENT,**
*Intervenor*

---

2024-1718

---

Petition for review of the Merit Systems Protection Board in No. PH-0841-17-0440-I-1.

---

Decided: January 17, 2025

---

TERRY R. CHAPMAN, Baltimore, MD, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

JOSHUA N. SCHOPF, Commercial Litigation Branch,

Civil Division, United States Department of Justice, for intervenor. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

————————————

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

PER CURIAM.

Terry R. Chapman appeals from the final order of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely. *See Chapman v. Off. of Pers. Mgmt.*, No. PH-0841-17-0440-I-1, 2024 WL 1174194 (M.S.P.B. March 18, 2024). We affirm.

I

From 1992 until his resignation in 2005, Mr. Chapman was employed by the Social Security Administration ("SSA"). When he resigned from SSA, Mr. Chapman signed and submitted a form entitled "Application for Refund of Retirement Deductions – Federal Employees Retirement System [("FERS")]," which included the following "Applicant Certification": "I understand that payment of a refund will result in permanent forfeiture of any retirement rights that are based on the period(s) of [FERS] service which the refund covers . . . ." App'x 90.[1] Later in 2005, the government refunded the "full balance of [Mr. Chapman's] employee retirement contributions." App'x 37.

In 2017, Mr. Chapman applied for retirement benefits under FERS. The Office of Personnel Management ("OPM") thereafter issued a decision finding Mr. Chapman ineligible for FERS retirement benefits because he had, back in 2005, sought and received a refund of his

————————————

[1] "App'x" refers to the appendix filed by the Board (ECF No. 26).

retirement deductions. In September 2017, Mr. Chapman appealed OPM's decision to the Board, stating that, when he resigned his position, he had been told by SSA to "fill out all the forms in the [separation] package" and was unaware that the form at issue would prevent him from collecting FERS benefits. App'x 82.[2] At the bottom of one page attached to his filing with the Board, Mr. Chapman wrote "Discrimination for being protected" and on another page he added "I was not treated with Protected Status: As A Military Veteran." App'x 72, 64.

During a subsequent hearing with a Board administrative judge, Mr. Chapman sought to withdraw his appeal against OPM. The administrative judge found Mr. Chapman's request was "clear, decisive and unequivocal" and granted it, dismissing his case. App'x 13. The Board's decision included a notice that it would become final on January 12, 2018, unless Mr. Chapman filed a petition for review before that deadline. *Id.*

In May 2018, Mr. Chapman submitted a filing with the Board, stating that he had not intended to withdraw his claim. In this document Mr. Chapman also referred to "Discrimination for being protected or other veteran's rights." J.A. 60. The Board construed Mr. Chapman's 2018 filing as a petition for review of the administrative judge's initial decision to dismiss. On May 24, 2018, the Clerk of the Board notified Mr. Chapman that his petition appeared to be untimely but he could file a motion requesting that the Board accept his petition as timely or that it waive the time limit for good cause. Mr. Chapman thereafter filed such a motion, explaining, among other circumstances, that he had been having problems with the postal service and had been "adjusting to the change from prescription medications to acupuncture for sickness." App'x 41. He

---

[2]    Mr. Chapman later alleged he had been "misle[]d or misinformed" as to the form he signed in 2005. App'x 40.

also stated that "due to the wording of the . . . hearing" with the administrative judge, he understood he should file a new claim with the SSA, and only "after months of correspondence" was he "told that [he had] no recourse" at SSA. App'x 39-40.

In its March 18, 2024 final order, the Board found that Mr. Chapman failed to show good cause for his untimely filing. Additionally, the Board observed that "absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reopen an appeal once it has been withdrawn." App'x 4. The Board denied Mr. Chapman's petition to reopen his withdrawn appeal, finding he had failed to show "that he received misinformation sufficient to warrant reopening the appeal." App'x 5.

Mr. Chapman timely appealed the Board's final order to this court. In addition to a Notice of Appeal, Mr. Chapman filed a Federal Circuit Rule 15(c) Statement Concerning Discrimination ("Form 10"), in which he indicated he had raised a claim of discrimination with the Board and did not wish to abandon that claim on review. ECF No. 5.

II

We begin by assessing whether we have jurisdiction to review Mr. Chapman's appeal. "In general, we do not have jurisdiction over mixed cases in which a federal employee complains of having suffered a serious adverse personnel action appealable to the Board and attributes the adverse action to bias prohibited by certain federal antidiscrimination laws listed in 5 U.S.C. § 7702(a)(1)." *McCoy v. Merit Sys. Prot. Bd.*, 121 F.4th 204, 207 (Fed. Cir. 2024) (internal punctuation omitted).

On May 24, 2024, we issued an order directing the parties to show cause why this case should not be dismissed or transferred. The Board and OPM responded that our court had jurisdiction. Mr. Chapman responded that his

discrimination claims were related to his wrongful termination claim, which is not at issue in this appeal. Mr. Chapman's failure to argue against the Board's and OPM's position suggests he believes we have jurisdiction.

On June 18, 2024, we ordered the parties to address jurisdiction in their briefs. They have done so. The Board and OPM repeat their earlier arguments that we have jurisdiction, citing 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9). Mr. Chapman's position is somewhat less clear. However, he does not seek to transfer his case or identify a district court in which his case could proceed, leading us to believe his position is also that we have jurisdiction to decide this case.

We have determined that we do have jurisdiction here. Although Mr. Chapman has both (i) challenged an appealable OPM action – its final decision dismissing his request for FERS benefits – and (ii) alleged discrimination, he has not alleged that the discrimination is "a basis for" the challenged, appealable action. Instead, his filings with OPM, the Board, and us contain only general references to discrimination, without any effort to tie that alleged discrimination to the OPM decision we are asked to review. Therefore, Mr. Chapman's appeal is not a "mixed case" that falls outside of our appellate jurisdiction. *See* 5 U.S.C. § 7703(b)(2) (excluding certain "cases of discrimination" from our jurisdiction under § 7702). As the government further points out, the only references Mr. Chapman makes to discrimination are based on his status as a military veteran, which is not a type of discrimination that may give rise to a mixed case in this context. *See* 5 U.S.C. § 7702(a)(1) (listing types of discrimination that make a case a "mixed case" and not including discrimination based on military veteran status).

Thus, we conclude that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).

## III

Turning to the merits, we affirm the Board's judgment. Mr. Chapman has not shown that the Board's judgment was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)–(3).

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). In determining whether good cause to excuse the untimeliness of an appeal has been shown, the Board is free to consider:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013-14 (Fed. Cir. 2015) (citation omitted). Notably, none of those criteria include the merits of the underlying case.

Mr. Chapman has failed to identify any fact or set of facts that would have required the Board to find good cause to excuse his untimely appeal. *See* J.A. 3-4 (Board considering Mr. Chapman's four-month delay in filing, pro se status, alleged difficulties with postal service, and medical

treatments).  Instead, he focuses on the merits of the underlying case, which – no matter how strong they may be, an issue we do not address – cannot, alone, establish good cause.

Additionally, despite finding it untimely, the Board considered and denied Mr. Chapman's petition to reopen his appeal.  Mr. Chapman's allegation that the administrative judge advised him his dispute was with SSA, the Board found, did not mean that "the administrative judge informed him that he had to withdraw his appeal against OPM in order to pursue an action against SSA."  App'x 5.  We see no error in the Board's determination that no evidence demonstrated Mr. Chapman had been misinformed.

We have considered Mr. Chapman's remaining arguments and find they lack merit and do not require discussion.  Accordingly, for the reasons set out above, the judgment of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.