NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ASSAHN NAYE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1754

---

Petition for review of the Merit Systems Protection Board in No. AT-0731-24-0205-I-1.

---

Decided: February 4, 2025

---

ASSAHN NAYE, St. Augustine, FL, pro se.

ALLISON JANE BOYLE, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.

---

Before TARANTO, SCHALL, and CHEN, *Circuit Judges*.

PER CURIAM.

Assahn Naye applied to the U.S. Department of Homeland Security (DHS) to be hired as a Border Patrol Agent. DHS made him a tentative offer of employment, contingent on the successful completion of several pre-employment requirements, but later determined that Mr. Naye was unsuitable for the position and withdrew the offer. Mr. Naye appealed DHS's decision to the Merit Systems Protection Board, which dismissed his appeal for lack of jurisdiction. *Naye v. Department of Homeland Security*, No. AT-0731-24-0205-I-1, 2024 WL 1754027, at 1–4 (M.S.P.B. Feb. 1, 2024) (*Decision*).[1] Mr. Naye now appeals the Board's decision to us. We affirm.

I

On October 3, 2023, DHS made Mr. Naye a tentative offer to fill a Border Patrol Agent position with DHS's Customs and Border Protection component. The offer stated that his receipt of a final job offer was "contingent upon successfully completing all pre-employment hiring steps," including a background investigation. S. Appx. 49.[2] On November 20, 2023, DHS notified Mr. Naye that it had concluded that he was "not suitable for the position" because of "[c]riminal or dishonest conduct" and "[m]isconduct or negligence in employment," and as a result, "[his] tentative offer of employment [was] withdrawn." S. Appx. 87–88. The notice informed Mr. Naye that the determination "[did] not prevent [him] from reapplying" and recommended that he "address the factors that may have led to the unfavorable suitability determination prior to reapplying" for another position. S. Appx. 87.

---

[1]    For the *Decision*, we cite the page numbers on the opinion as it appears in Petitioner's Appendix in this court.

[2]    "S. Appx." refers to the Supplemental Appendix submitted by Respondent to this court.

On December 19, 2023, Mr. Naye appealed the agency's suitability determination and non-selection to the Board. Within two weeks, the Board administrative judge assigned to the matter ordered Mr. Naye to "file evidence and argument that this action [was] within the Board's jurisdiction." S. Appx. 56. Mr. Naye's response did not address the issue of jurisdiction. Neither in his initial appeal filing nor in the ensuing proceedings did Mr. Naye allege that the agency's decisions were due to discrimination. *See* S. Appx. 16–22; S. Appx. 79–86.

DHS then filed a motion to dismiss the appeal on the ground that, under government regulations of the U.S. Office of Personnel Management (OPM), the agency's non-selection decision for a specific position, even if "based on the criteria for making suitability determinations," is not appealable under 5 C.F.R. § 731.203(b). The administrative judge dismissed the appeal for lack of jurisdiction, and that decision became the Board's final decision on March 7, 2024. *Decision*, at 3–4. Mr. Naye timely appealed.

II

We have jurisdiction to decide this appeal under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b) unless this matter falls within 5 U.S.C. § 7702—for which § 7703(b)(1)(A) and (b)(2) create an exception to our jurisdiction. That is, we have jurisdiction unless § 7702 applies to this case. We conclude that § 7702 does not apply here.

Section 7702 addresses a defined class of cases before the Board. Under § 7702(a)(1), a case within that class must be one in which the employee or applicant seeking Board review (A) "complains of having suffered a serious adverse personnel action appealable to the [Board]" and (B) "attributes the adverse action, in whole or in part, to bias prohibited by [specified] federal antidiscrimination laws." *Harris v. Securities & Exchange Commission*, 972 F.3d 1307, 1317 (Fed. Cir. 2020); *see* 5 U.S.C. § 7702(a)(1)(A)–

(B). In this case, it suffices for us to conclude that the second requirement is not met.

The record makes clear that Mr. Naye did not allege before the Board that the agency's unfavorable decisions were due to prohibited discrimination. *See* S. Appx. 16–22; S. Appx. 79–86. Mr. Naye states to us that he raised discrimination claims before the Board (and that he does not wish to abandon them), but he does not identify any such claims. We are required to consider our own jurisdiction, and we see no such claims raised before the Board. Mr. Naye did not complain to the Board of "discrimination prohibited under the laws provided in 5 U.S.C. § 7702(a)(1)." *McCoy v. Merit Systems Protection Board*, 121 F.4th 204, 207 (Fed. Cir. 2024). Under § 7702(a)(1)(B), that omission makes § 7702 inapplicable. We therefore have jurisdiction to review the Board's decision.

We decide de novo whether an appeal submitted to the Board was within its jurisdiction. *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board's jurisdiction is strictly limited to actions that are made appealable to the Board by "law, rule, or regulation." 5 U.S.C. § 7701(a); *see Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 756 (Fed. Cir. 2020). The Board has jurisdiction, not over all actions based on "suitability determinations," but only over a specified subset (labeled "suitability actions")—*i.e.*, a cancellation of eligibility, removal, cancellation of reinstatement eligibility, or debarment based on unfavorable suitability determinations. 5 C.F.R. §§ 731.202, 731.203(a)–(b); *see also Ricci*, 953 F.3d at 757 ("OPM regulations make clear that not every 'suitability determination' gives rise to an appealable 'suitability action.'"). A "non-selection, or cancellation of eligibility for a specific position" based on the criteria for determining suitability is *not* one of the appealable suitability actions. 5 C.F.R. § 731.203(b); *see id.* § 731.202 (criteria); *Ricci*, 953 F.3d at 757.

Here, the Board correctly determined that it lacked jurisdiction over Mr. Naye's appeal of the agency's decision not to hire him for the specific position at issue because that decision was not an appealable suitability action. When the agency notified Mr. Naye of its decisions, it expressly stated that he could reapply for the position or other agency positions. The determination here is thus a "non-selection . . . for a specific position," 5 C.F.R. § 731.203(b), which is not a suitability action over which the Board has jurisdiction.

### III

Accordingly, we affirm the Board's dismissal for lack of jurisdiction.

The parties shall bear their own costs.

### AFFIRMED