NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER A. BLEVINS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1061

---

Petition for review of the Merit Systems Protection Board in No. NY-0353-20-0047-I-1.

---

Decided: October 9, 2025

---

PETER A. BLEVINS, New York, NY, pro se.

KAREY LAUREN HART, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

Peter A. Blevins petitions for review of a Merit Systems Protection Board ("Board") final order, which denied the petition for review but modified the basis in the initial decision regarding Mr. Blevins's failure to non-frivolously allege that his absence was because of a compensable injury. *Blevins v. United States Postal Serv.*, No. NY-0353-20-0047-I-1, 2024 WL 3791245, at *1 (M.S.P.B. Aug. 12, 2024) ("*Final Order*"). The Board also affirmed the initial decision dismissing Mr. Blevins's appeal for lack of jurisdiction. *Id.*; *Blevins v. United States Postal Serv.*, No. NY-0353-20-0047-I-1, 2020 WL 428661 (M.S.P.B. Jan. 23, 2020) (App'x 15–26) ("*Initial Decision*").[1] For the reasons discussed below, we *affirm*.

## I. BACKGROUND

Mr. Blevins was employed by the United States Postal Service ("the USPS") as a Mail Handler. *Final Order* at *1; App'x 87. Mr. Blevins sustained an on-the-job injury for which he filed a claim and received Office of Workers' Compensation Programs ("OWCP") benefits. *Final Order* at *1; App'x 91.

On November 30, 2017, the USPS offered Mr. Blevins a modified job assignment after receiving medical documentation indicating that Mr. Blevins was capable of performing limited duty work in accordance with his medical restrictions. *Final Order* at *1; App'x 50–51. On December 22, 2017, after Mr. Blevins failed to report to this position, OWCP notified him that the USPS's offer was suitable and that if he failed to report to the position or give a justifiable reason for not reporting, then his right to

---

[1] We refer to the appendix filed by the government, ECF No. 17, as "App'x" throughout this opinion. Citations in this opinion are to the version included in the government's appendix. For example, *Initial Decision* at 1 is found at App'x 15.

compensation and award benefits would be terminated. *Final Order* at \*1; App'x 48–49. On January 25, 2018, Mr. Blevins responded that he was unaware of the USPS's offer until he received the OWCP's December 22, 2017, letter and that he was "unable to accept the offer until the [the USPS] acknowledged his present limitations and a review was conducted by an agency District Reasonable Accommodation Committee ("DRAC") of whether the offer was within his medical restrictions." *Final Order* at \*1; App'x 54. On January 31, 2018, OWCP informed Mr. Blevins that his reasons for not reporting to the modified position were unacceptable and that the position was still available. *Final Order* at \*1; App'x 46–47. Mr. Blevins did not accept the position, and on April 18, 2018, OWCP notified Mr. Blevins that his entitlement to compensation for wage loss and schedule award benefits would be terminated effective the next day. *Final Order* at \*1; App'x 45.

On May 9, 2018, Mr. Blevins tried to accept the USPS's job offer. *Final Order* at \*2; App'x 67. Mr. Blevins alleges that the USPS did not respond and that he showed up to his new proposed worksite on July 17, 2018, where he worked for four hours. *Final Order* at \*2; App'x 85. The next day, Mr. Blevins alleges that the USPS told him that the job offer had been rescinded and ordered him to leave the worksite. *Final Order* at \*2; App'x 85.

On December 11, 2019, Mr. Blevins filed a restoration appeal with the Board. *Final Order* at \*2; App'x 87–91. The administrative judge subsequently issued show cause orders, directing Mr. Blevins to submit arguments and evidence to establish the Board's jurisdiction. *Final Order* at \*2; App'x 69, 79. After both parties responded, the administrative judge dismissed Mr. Blevins's appeal for lack of jurisdiction. *Initial Decision* at 1; *Final Order* at \*2. Specifically, the administrative judge concluded that by rejecting the job offer, Mr. Blevins no longer satisfied the criteria for restoration. *Initial Decision* at 3; *Final Order*

at *2. Mr. Blevins subsequently filed a petition for review with the Board. *Final Order* at *2; App'x 31–35.

On August 12, 2024, the Board denied Mr. Blevins's petition for review and affirmed the administrative judge's initial decision as modified. *Final Order* at *1. The Board determined that Mr. Blevins failed to non-frivolously allege that the Board had jurisdiction over his partial restoration claim. *Id.* at *2. Specifically, the Board concluded that although the administrative judge erred in finding that Mr. Blevins failed to establish a compensable injury, this error was harmless because Mr. Blevins "failed to non-frivolously allege that, at the time he attempted to accept the job offer in May and July 2018, his absence was due to that injury." *Id.* at *3.

Mr. Blevins petitions for review in this court.

## II. DISCUSSION

We will set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 868 (Fed Cir. 2021). Whether the Board lacked jurisdiction is a question of law that we review de novo, and we review the Board's underlying factual findings for substantial evidence. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

### A.

We first address whether we have jurisdiction. On December 5, 2024, Mr. Blevins filed a Federal Circuit Rule 15(c) Statement Concerning Discrimination, arguing that he raised disability and age discrimination claims before the Board and did not wish to abandon those claims on review. ECF No. 11 at 2–3. On January 17, 2025, we ordered the parties to address this court's jurisdiction. ECF No. 12

at 2; *see also* ECF No. 15 at 2. In its informal brief, the government argues that we have jurisdiction in this case. Appellee's Br. 7–12. Specifically, the government argues that this case is not a mixed case because Mr. Blevins "failed to sufficiently allege discrimination was 'a basis for the action.'" *Id.* at 9 (quoting 5 U.S.C. § 7702(a)(1)(B)). Mr. Blevins responds that because he "was affected by an improper restoration decision, which is an appealable action, . . . [he has] alleged discrimination," and "judicial review should be sought in district court." Appellant's Reply Br. 13. We agree with the government.

Mr. Blevins's appeal is not a "mixed case" that falls outside of our appellate jurisdiction. *Compare* 5 U.S.C. § 7703(b)(1)(B) (granting the Federal Circuit jurisdiction over a "final order or final decision of the Board that raises *no challenge* to the Board's disposition of allegations of a prohibited personnel practice" covered by federal antidiscrimination law, among others) (emphasis added)), *with id.* § 7702(a)(1) (granting the Board jurisdiction to "decide both the issue of discrimination and the appealable action"). We do not have jurisdiction over mixed cases "in which the employee (or former employee) complains of serious adverse action prompted, in whole or in part, by the employing agency's violation of federal antidiscrimination laws." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017); *see also McCoy v. Merit Sys. Prot. Bd.*, 121 F.4th 204, 207 (Fed. Cir. 2024). Although Mr. Blevins alleges that he "was affected by an improper restoration decision," Appellant's Reply Br. 13, Mr. Blevins fails to "put forth substantively as a basis for the adverse action" his discrimination claims. *See, e.g.*, *Meehan v. U.S. Postal Serv.*, 718 F.2d 1069, 1074 (Fed. Cir. 1983); *see also* 5 U.S.C. § 7702(a)(1)(B). Mr. Blevins does not specifically allege that the restoration decision itself was tainted by discrimination; rather, Mr. Blevins's filings and pleadings are focused on his Equal Employment Opportunity ("EEO") complaint filed in February or March 2018, regarding the

denial of DRAC review.  App'x 33, 61, 91; Appellant's Reply Br. 8.  Thus, we conclude that we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## B.

Next, we address whether the Board erred in determining that it lacked jurisdiction over Mr. Blevins's restoration appeal.  Mr. Blevins argues that the Board should have evaluated his claim for restoration because the USPS "did not respond to his attempts to accept the position," Appellant's Br. 4, and "had an obligation to provide [him] with a suitable modified assignment," *id.* at 5.[2]  In addition, Mr. Blevins argues that the Board "failed to consider [the USPS's] failure to respond to [him]." *Id.* at 6.  The government responds that the Board did not err in determining that Mr. Blevins could not meet his jurisdictional burden because he failed to non-frivolously allege that his absence was due to a compensable injury.  Appellee's Br. 15.  We agree with the government.

An employee who has suffered a compensable injury enjoys certain rights to be restored depending on whether the employee is partially or fully recovered.  5 U.S.C. § 8151(b); 5 C.F.R. § 353.301.  "An individual who is partially recovered from a compensable injury may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. § 353.304(c).  To establish jurisdiction under 5 C.F.R. § 353.304(c), a petitioner must prove by preponderant evidence nonfrivolous allegations of: "(1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbitrary and capricious by agency failure to perform its

---

[2]    We cite to the ECF page numbers.

obligations under 5 C.F.R. [§ ]353.301(d)." *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); 5 C.F.R. § 1201.57(b) ("[A]n appellant who initiates an appeal covered by this section must make nonfrivolous allegations . . . with regard to the substantive jurisdictional elements applicable to the particular type of appeal he or she has initiated.").

Mr. Blevins has not made any nonfrivolous allegations that his absence was due to his compensable injury, and therefore, the Board did not err in concluding that Mr. Blevins did not meet his jurisdictional burden. When Mr. Blevins attempted to accept the USPS's job offer in May and July 2018, his absence could not have been due to his compensable injury. App'x 67, 85. As the Board found, "[a]fter April 2018, when OWCP found that [Mr. Blevins] failed to accept a suitable job offer, his absence was no longer due to his compensable injury because he had rejected work he could have performed." *Final Decision* at *3; *see also* App'x 48–49. "Decisions on the suitability of an offered position are within the exclusive domain of the OWCP," and OWCP based its decision on medical documentation from Mr. Blevins's physician. *See New v. Dep't of Veterans Affs.*, 142 F.3d 1259, 1265 (Fed. Cir. 1998); *see* App'x 48–49 (noting that OWCP found the USPS's job offer "suitable in accordance with [Mr. Blevins's] medical limitations, provided by [his] treating physician"). Mr. Blevins's arguments, without more, do not show arbitrary or capricious behavior. Thus, the Board did not err in affirming the initial decision dismissing Mr. Blevins's restoration appeal for lack of jurisdiction.

## III. CONCLUSION

We have considered Mr. Blevins's remaining arguments, including but not limited to the arguments raised in Petitioner's Memorandum in Lieu of Oral Argument,

ECF No. 25, and find them unpersuasive.[3]  For the above reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.

---

[3]    Mr. Blevins also argues that the Board failed to "properly consider the precedent set by Sanchez v. U.S. Postal Service or Kinglee v. U.S. Postal Service." Appellant's Br. 8.  However, neither case focused on the jurisdictional issue here—whether the absence was due to a compensable injury.  *Sanchez v. U.S. Postal Serv.*, 114 M.S.P.R. 345, 349 (2010); *Kinglee v. U.S. Postal Serv.*, 114 M.S.P.R. 473, 477–78 (2010).  Furthermore, Mr. Blevins argues that he was denied the fundamental right to be present at his hearing.  Appellant's Reply Br. 12. But our case law is clear that Mr. Blevins was not entitled to a hearing because he did not "meet the threshold requirement of making non-frivolous allegations of fact which, if true, would be sufficient to establish the Board's jurisdiction."  *Bledsoe*, 659 F.3d at 1102; *see also Garcia v. Dept. of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc) ("[O]nce a claimant makes non-frivolous claims of Board jurisdiction, namely claims that, if proven, establish the Board's jurisdiction, *then* the claimant has a right to a hearing." (emphasis added)).